JS 44
(Rev 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

~~CITY OF LOS FRESNOS~~

Ricardo Perez Jr.

**DEFENDANTS**

CITY OF LOS FRESNOS, TEXAS, JUAN C. SIERRA, SR., GONZALO ACEVEDO, IDA GARCIA, MIGUEL MENDOZA, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, AND JUAN MENDOZA, JR.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Hidalgo
(EXCEPT IN U S PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Cameron
(IN U S PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Office of Alfred T. Denham
3700 N. 10th, Suite 105
McAllen, Texas 78501
(956) 994-8800 office
(956) 994-8808 fax

**ATTORNEYS** (IF KNOWN)

Unknown

United States District Court
Southern District of Texas
FILED
OCT 16 2000
Michael N. Milby
Clerk of Court

B-00-161

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY

42 U.S.C. Sections 1983 and 1985. Plaintiff was terminated as Chief of Police of Defendant City in violation of his due process rights and for exercising his 1st Amendment rights of free speech.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 153 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint
**JURY DEMAND:** ☒ YES ☐ NO

## VII. RELATED CASE(S) IF ANY (See instructions):
N/A

JUDGE _____ DOCKET NUMBER _____

DATE: October 16, 2000

SIGNATURE OF ATTORNEY OF RECORD: Ted Rodriguez Jr.

UNITED STATES DISTRICT COURT

c. Ted Rodriguez, Jr. - Lead Attorney

ClibPDF - www.fastio.com

United States District Court
Southern District of Texas
FILED

OCT 16 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICARDO PEREZ, JR. | § | |
|     Plaintiff, | § | |
| | § | b-00-161 |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| CITY OF LOS FRESNOS, TEXAS, | § | JURY DEMANDED |
| JUAN C. SIERRA, SR., GONZALO ACEVEDO, | § | |
| IDA GARCIA, MIGUEL MENDOZA, | § | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | § | |
| CAPACITIES, AND JUAN MENDOZA, JR., | § | |
|     Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

1. **COMES NOW,** RICARDO PEREZ, JR., hereinafter referred to as Plaintiff, complaining of the CITY OF LOS FRESNOS, JUAN C. SIERRA, SR., GONZALO ACEVEDO, IDA GARCIA, MIGUEL MENDOZA, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, AND JUAN MENDOZA, JR., hereinafter called by name or collectively as Defendants, and for such cause of action, would respectfully show unto the Court as follows:

2. **PARTIES**

Plaintiff, RICARDO PEREZ, JR., is an individual residing in Hidalgo County, Texas.

Defendant, CITY OF LOS FRESNOS, TEXAS, is a political subdivision organized pursuant to the Constitution and laws of the State of Texas. The Defendant City is a municipality chartered by the State of Texas. Service may be had by service as follows:

    **CITY OF LOS FRESNOS, TEXAS**
    **BY AND THROUGH ITS MAYOR**
    **HONORABLE MANUEL ABREGO**
    **200 N. BRAZIL**
    **LOS FRESNOS, TEXAS 78566.**

Defendant JUAN C. SIERRA, SR. is an individual residing in Cameron County, Texas and may be served as follows:

**JUAN C. SIERRA, SR., INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
200 N. BRAZIL
LOS FRESNOS, TEXAS 78566
OR WHEREVER HE MAY BE FOUND.**

Defendant GONZALO ACEVEDO is an individual residing in Cameron County, Texas, and may be served as follows:

**GONZALO ACEVEDO, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
200 N. BRAZIL
LOS FRESNOS, TEXAS 78566
OR WHEREVER HE MAY BE FOUND.**

Defendant MIGUEL MENDOZA is an individual residing in Cameron County, Texas, and may be served as follows:

**MIGUEL MENDOZA, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
200 N. BRAZIL
LOS FRESNOS, TEXAS 78566
OR WHEREVER HE MAY BE FOUND.**

Defendant IDA GARCIA is an individual residing in Cameron County, Texas, and may be served as follows:

**IDA GARCIA, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
200 N. BRAZIL
LOS FRESNOS, TEXAS 78566
OR WHEREVER SHE MAY BE FOUND.**

Defendant JUAN MENDOZA, JR., is an individual residing in Cameron County, Texas and may be served as follows:

JUAN MENDOZA, JR.
105 W. OCEAN DR.
LOS FRESNOS, TEXAS 78566
OR WHEREVER HE MAY BE FOUND.

3. **FACTUAL ALLEGATIONS**

(1) On or about March, 2000, RICARDO PEREZ, JR. was hired as the new Chief of Police for the CITY OF LOS FRESNOS, TEXAS. Plaintiff was chosen as the Chief of Police after competitive application with several other law enforcement officers. He began work on March 15, 2000 as Chief of Police of the CITY OF LOS FRESNOS.

(2) The Plaintiff discovered past complaints about a Los Fresnos police officer by the name of David Rodriguez, and at the recommendation of legal authority, referred complaints and allegations of abuse and civil rights violations by Officer Rodriguez to the Federal Bureau of Investigation.

(3) Officer Rodriguez is a police officer for the CITY OF LOS FRESNOS with close ties to Alderwoman GARCIA, Alderman MENDOZA and JUAN MENDOZA, JR.

(4) Defendant JUAN MENDOZA, JR. is a constable for Cameron County who resides in Los Fresnos, Texas. He is the brother of Alderman MENDOZA and the cousin of Alderwoman GARCIA. He was also instrumental in getting Alderman ACEVEDO and SIERRA elected, two of the other Defendants.

(5) Shortly after Plaintiff's report to the F.B.I., Defendant GARCIA began making inquiries into Plaintiff's work history and performance. Defendant JUAN MENDOZA, JR. began a series of complaints against the Plaintiff which were of a professional and personal nature.

(6) On or about August 21, 2000, Defendants GARCIA, MIGUEL MENDOZA, SIERRA and ACEVEDO petitioned a special meeting be set for August 29, 2000 with the following items

to be considered on the agenda:

> In executive session: To deliberate the employment, evaluation, reassignment, duties, discipline, or dismissal of the Chief of Police.
>
> In open session: Consider and possibly take action concerning the continued employment of the Chief of Police.

(7) Prior to the August 29, 2000 special meeting, Plaintiff requested that he be provided the reasons for his potential disciplining or termination. No response was given.

(8) Prior the August 29th meeting, Alderman SIERRA stated: "Personally, I don't have a problem with him, but we have some issues that we're concerned with." Defendant ACEVEDO stated: "He has been doing a good job .... I want to know what is wrong."

(9) On at least one occasion, while out on night patrol, the Plaintiff was followed by Defendant JUAN MENDOZA and by Defendant GARCIA. Plaintiff was also surveilled while in town and off duty.

(10) On or about August 28, 2000, the Plaintiff received an outstanding appraisal rating as the Chief of Police of the CITY OF LOS FRESNOS from his supervisor, the City Administrator.

(11) At the August 29th special meeting, an associate of Defendant JUAN MENDOZA publicly accused the Plaintiff, in front of the vast audience and media present, that the Plaintiff had caused some alleged drug dealers to go free and questioned the professional ability and integrity of the Plaintiff. These drugs were in the custody of the Los Fresnos Police Department and this associate inferred that the drugs had been tampered with possibly by the Plaintiff. Before Plaintiff was given an opportunity to respond, the four Defendant Alderpersons who petitioned for the special meeting moved to reconvene the special meeting and its agenda items to September 26, 2000.

(12) The employment issues concerning the Plaintiff as Chief of Police of the CITY OF LOS FRESNOS drew wide media attention. After the special meeting, the Plaintiff commented to

the media and fellow citizens that the council faction seeking his termination had yet to provide any notice of reasons for his proposed termination. The Plaintiff, as well as several citizens, stated that such secrecy was counter to democratic principles. The media was also quite critical of the Defendants for their secrecy and backdoor dealing concerning the Plaintiff.

(13) The Defendant council members were humiliated and angered by the attention provided by the citizens and media. One Defendant Alderperson threatened a physical fight with one of the complaining citizens attending the meeting and the Defendant Alderwoman was seen in tears at the end of the August meeting.

(14) In an open letter to the City Council, Defendant JUAN MENDOZA, JR. accused the Plaintiff of being unprofessional in his style of police administration and expressed "no confidence whatsoever in the leadership, professional and administrative abilities of this Chief," the Plaintiff.

(15) Prior to the September 26, 2000 meeting, Plaintiff again requested that he be provided notice of the complaints against him regarding his potential termination. The request was made pursuant to City policies which applied to the Plaintiff as an employee of the City. No reasons were ever given.

(16) Defendant JUAN MENDOZA bragged to members of the community that he was going to have the Plaintiff terminated and replaced with a person of his choice.

(17) On duty and off duty, Officer David Rodriguez often spent hours with Defendants JUAN MENDOZA and IDA GARCIA on a daily basis. They even attended parties and social functions together. They are closely associated.

(18) Defendant GARCIA was also seen meeting with Officer Rodriguez behind certain buildings late at night.

(19) During the meeting of September 26th, the Plaintiff and a good number of citizens of the CITY OF LOS FRESNOS demanded that the council provide reasons for the proposed termination. Fellow Alderwoman Melanie McCormick stated that the Defendant Alderpersons had not disclosed to her the reasons they sought the Plaintiff's termination. Without comment or explanation, the four Defendant Alderpersons voted to terminate the Plaintiff as Chief of Police of the CITY OF LOS FRESNOS.

(20) One of the Plaintiff's last acts as Chief of Police was to recommend the termination of Officer David Rodriguez for cause.

(21) The same four Defendant Alderpersons who voted to dismiss the Plaintiff, voted to reinstate and restore Officer Rodriguez on October 10, 2000.

(22) The four Defendant Alderpersons had a meeting of the minds to terminate the Plaintiff although they never had any public or executive discussion concerning the termination. This was done although the Plaintiff invoked the procedures of the City personnel policy manual requiring explanations or reasons concerning the consideration for his termination. The Defendant Alderpersons discussed as a group official City business without proper notice and outside the public domain in violation of Texas Open Meeting requirements.

(23) Defendants, in a flagrant abuse of power and disregard for the public trust, put their own personal interest and loyalties ahead of and in violation of the Plaintiff's rights.

(24) The four Defendant Alderpersons constitute a majority of the City Council and can be fairly said to be the policy-making body for the Defendant CITY OF LOS FRESNOS.

4. **SECTION 1983 AND 1985 CIVIL RIGHTS VIOLATIONS**

The conduct of Defendants CITY OF LOS FRESNOS, JUAN C. SIERRA, JR., GONZALO ACEVEDO, IDA GARCIA, MIGUEL MENDOZA, INDIVIDUALLY AND IN THEIR OFFICIAL

CAPACITIES, and JUAN MENDOZA, JR. complained of, constituted discrimination on the basis of Plaintiff's speech and is protected by the First Amendment. Plaintiff made comments regarding a matter of public concern and reported civil rights violations by one of his officers to the federal law enforcement authorities. The Plaintiff further made critical comments about the secrecy and failure of the Defendants to follow personnel policies which also involved matters of public concern. As a result, Plaintiff was fired for exercising his First Amendment rights.

The Plaintiff also had a protected due process property interest in his continued employment and was never given any meaningful due process before or after his termination. In taking the aforesaid actions, the Defendants, acting under color of statute, regulation, custom, usage of the laws of the State of Texas, within the meaning of 42 U.S.C. § 1983 and 1985, violated the Plaintiff's rights guaranteed under the Constitution.

Defendant JUAN MENDOZA, JR., in collusion and conspiracy with the other Defendant Alderpersons, denied the Plaintiff due process for his protected liberty interest. Comments were made publicly casting shadows over the reputation of the Plaintiff as well as inferring acts of dishonesty and incompetency on him. The Plaintiff was never provided a forum to clear his name.

Plaintiff alleges that the officials who participated in the wrongful acts were lawmakers or policy makers with the CITY OF LOS FRESNOS whose actions may fairly be said to be the actions of the City. Defendant JUAN MENDOZA, JR. and his associates, using the authority and weight of their office, abused their public trust to cast aspersions and defame Plaintiff and deny him of his protected liberty interest.

5. **STATE LAW CLAIMS -TEXAS WHISTLEBLOWER**

Pursuant to the Texas Government Code Section 554.001 et. seq., the Plaintiff did in good faith report a violation of law against Officer David Rodriguez to an appropriate law enforcement

authority. Shortly thereafter, the Defendants began to take steps to take adverse personnel action against the Plaintiff. Plaintiff has complied, or is in the process of complying with all conditions precedent including the voluntary grievance procedures, but no relief has been availed. Further, Plaintiff expects that no relief will be availed since the grievance procedure is to the City Council which dismissed him. Defendant CITY OF LOS FRESNOS and the individual Defendants are guilty of retaliating against the Plaintiff and are liable for all damages incurred by the Plaintiff.

### 6. DEFAMATION OF CHARACTER

Plaintiff sues Defendants for defamation of his good reputation due to the publication of false and non-privileged statements by the Defendants to third persons. The statements were all made in reference to Plaintiff's work performance, his professional integrity and other matters concerning his occupation and related to acts which accuse the Plaintiff of the commission of crimes and/or immoral and dishonest conduct. The defamatory statements eventually were published in the local media and have referenced the Plaintiff or his position and were so closely associated with the Plaintiff as to constitute allegations against the Plaintiff himself. Because of this fact, it is clear that the publication was made of, and concerning the Plaintiff, and was so understood by those persons who read the articles or heard the statements.

The defamatory statements made the subject of this lawsuit were uttered with malice and bad faith for the purpose of causing injury to the Plaintiff. In this connection, Plaintiff will show that the Defendants harbored feelings of ill will towards him. Defendants' publication of slander and slander per se were made with malice for the reason that it was made with knowledge that it was false or with such utter recklessness as to indicate a disregard to the consequences and conscious indifference to the rights of the Plaintiff.

7.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The Plaintiff further asserts that the individual Defendants' actions in the nature and extreme and outrageous conduct were intentional and reckless whose purpose was to cause infliction of severe emotional distress to the Plaintiff. Said actions and statements were extreme and outrageous and shocked the conscience of reasonable and prudent persons. Defendants' actions caused Plaintiff mental as well as physical pain. As a result of Defendants' actions, Plaintiff has suffered damages and amounts which exceed the minimum jurisdictional requirements of the Court.

8.  **CIVIL CONSPIRACY**

The individual Defendants, in order to promote their own personal interests, agreed to circumvent the requirements of Texas law for public officials concerning open meetings, and discussion of matters which concern municipal business. The Defendants violated State law in order to further violate the Plaintiff's own property rights and interests, and in violation of his rights. As such, Defendants are liable to the Plaintiff for all damages available at law.

9.  **CONDITIONS PRECEDENT**

All conditions precedent have occurred or are occurring.

10. **ACTUAL DAMAGES**

As a result of the incidents described above, that are made part of the basis of this suit and incorporated herein, Plaintiff has incurred damages in the following respects:

   (1)  **Injury to Reputation and Character**

As a result of the dissemination of false information and the attendant publicity caused by the Defendants, Plaintiff is and will in the future be seriously injured in good name and reputation in the community and exposed to hatred, contempt, and ridicule of the general public, as well as potential employers, friends and relatives. Plaintiff's position was one of high public trust and he

has suffered damages in amounts which exceed the minimum jurisdictional requirement sof this Court.

### (2) Lost Earnings and Diminished Earning Capacity

At the time of the incident complained of, Plaintiff was gainfully employed as a Chief of Police with the CITY OF LOS FRESNOS. As a proximate result of the wrongful acts of the Defendants, Plaintiff was unable to attend to his occupation and thereby suffered a loss of wages in the past, fringe benefits and other valuable job rights for which he hereby sues. As a result of the wrongful acts of the Defendants, Plaintiff's capacity to earn a livelihood has been severely impaired, and in all reasonable probability this incapacity will continue long into the future, if not for the balance of Plaintiff's natural life, all to his damage for which he hereby sues.

### (3) Past and Future Medical Expenses

As a result of the injuries inflicted upon the Plaintiff by the Defendants, Plaintiff was caused to incur medical bills in the past and in all reasonable probability will be likely to incur other medical bills related to the injuries. Plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this Court.

### (4) Past and Future Mental Anguish

As a result of the injuries sustained by the Plaintiff and inflicted by the Defendants, Plaintiff has suffered severe emotional distress, embarrassment, anxiety, sleeplessness, worry, nervousness and other physical as well as mental pain and anguish and in all reasonable probability, Plaintiff will continue to suffer such mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life. Plaintiff has suffered damages in an amount which exceed the minimum jurisdictional requirements of this Court.

C:\MyFiles\TRJ--GENERAL FILES\WRONGFUL-TERMINATION CASES\perez.ricardo\Pleadings\Original Complaint.wpd

10

11. **EXEMPLARY DAMAGES**

The conduct of the Defendants was carried out willfully, maliciously, with ill will, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of this Plaintiff. Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by the Defendants in the future. Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendants in amounts which exceed the minimum jurisdictional requirements of this Court.

12. **ATTORNEYS' FEES, EXPERT FEES AND LITIGATION EXPENSES**

By reason of the allegations of this petition, Plaintiff is entitled to recover reasonable attorney's fees and expert fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that the attorneys whose names are subscribed to this pleading have been employed to assist Plaintiff in the prosecution of this action. A reasonable attorney's fee is requested for the work expended in preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Reasonable and necessary attorney's fees are sought pursuant to 42 U.S.C. Section 1988. Should experts be retained in the prosecution of this lawsuit, Plaintiff further seeks compensation for the work expended by said experts. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or law clerks who assisted in the prosecution of this case. As permitted by law, Plaintiff also seeks to recoup all litigation expenses expended by him and his legal team in the prosecution of this lawsuit as well as all costs of Court.

13. **REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by a jury of his peers.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court cite the Defendants to appear and after having appeared herein, that the Court have trial in this cause and

award judgment against the Defendants for Plaintiff's damages, actual and special, all punitive damages, attorney's expert and litigation fees and expenses, pre-judgment as allowed by law, interest on said judgment at the legal rate from the date of judgement, for costs of suit herein, and for such other and further relief, at law or in equity as this law finds proper.

Respectfully submitted,

**LAW OFFICE OF ALFRED T. DENHAM**
3700 N. Tenth Street, Suite 105
McAllen, Texas 78501
(956) 994-8800 Telephone
(956) 994-8808 Telefax

_____
Ted Rodriguez, Jr.
State Bar No. 00788307
Federal I.D. No. 16851

**ATTORNEYS FOR PLAINTIFF**

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RICARDO PEREZ, JR.
    Plaintiff,

V.

CITY OF LOS FRESNOS, TEXAS,
JUAN C. SIERRA, SR., GONZALO ACEVEDO,
IDA GARCIA, MIGUEL MENDOZA,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES, AND JUAN MENDOZA, JR.
    Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B-00-161

TO: (Name and Address of Defendant)

    CITY OF LOS FRESNOS, TEXAS
    BY AND THROUGH ITS MAYOR
    HONORABLE MANUEL ABREGO
    200 N. BRAZIL
    LOS FRESNOS, TEXAS 78566

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

    Ted Rodriguez, Jr.
    LAW OFFICE OF ALFRED T. DENHAM
    3700 N. 10th, Suite 105
    McAllen, Texas 78501

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk
CLERK

DATE 10/16/00

_(signature)_
BY DEPUTY CLERK

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

RICARDO PEREZ, JR.,
   Plaintiff,

V.

CITY OF LOS FRESNOS, TEXAS
JUAN C. SIERRA, SR., GONZALO ACEVEDO,
IDA GARCIA, MIGUEL MENDOZA,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES, AND JUAN MENDOZA, JR.,
   Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: **B-00-161**

TO: (Name and Address of Defendant)

JUAN MENDOZA, JR.
105 W. OCEAN DR.
LOS FRESNOS, TEXAS 78566
Or wherever he may be found.

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)
Ted Rodriguez, Jr.
LAW OFFICE OF ALFRED T. DENHAM
3700 N. 10th, Suite 105
McAllen, Texas 78501

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

BY DEPUTY CLERK

DATE 10/16/00

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RICARDO PEREZ, JR.,
    Plaintiff,

V.

CITY OF LOS FRESNOS, TEXAS,
JUAN C. SIERRA, SR., GONZALO ACEVEDO,
IDA GARCIA, MIGUEL MENDOZA,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES, AND JUAN MENDOZA, JR.,
    Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and Address of Defendant)

MIGUEL MENDOZA, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
200 N. BRAZIL
LOS FRESNOS, TEXAS 78566
Or whereever he may be found.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Ted Rodriguez, Jr.
LAW OFFICE OF ALFRED T. DENHAM
3700 N. 10th, Suite 105
McAllen, Texas 78501

an answer to the complaint which is herewith served upon you, within \_\_\_\_\_**20**\_\_\_\_\_ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK                                             DATE 10/16/00

BY DEPUTY CLERK

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF _____ TEXAS

BROWNSVILLE DIVISION

RICARDO PEREZ, JR.,
    Plaintiff,

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER: **B-00-161**

CITY OF LOS FRESNOS, TEXAS
JUAN C. SIERRA, SR., GONZALO ACEVEDO,
IDA GARCIA, MIGUEL MENDOZA,
INDIVIDUALY AND IN THEIR OFFICIAL
CAPACITIES, AND JUAN MENDOZA, JR.,
    Defendants.

TO: (Name and Address of Defendant)

IDA GARCIA, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY
200 N. BRAZIL
LOS FRESNOS, TEXAS 78566
Or wherever she may be found.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Ted Rodriguez, Jr.
LAW OFFICE OF ALFRED T. DENHAM
3700 N. 10th, Suite 105
McAllen, Texas 78501

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

DATE 10/16/00

BY DEPUTY CLERK

ClibPDF - www.fastio.com

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

__Southern__ DISTRICT OF __Texas__
BROWNSVILLE DIVISION

RICARDO PEREZ, JR.
    Plaintiff,

V.

CITY OF LOS FRESNOS, TEXAS,
JUAN C. SIERRA, SR., GONZALO ACEVEDO,
IDA GARCIA, MIGUEL MENDOZA,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES, AND JUAN MENDOZA, JR.
    Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B-00-161

TO: (Name and Address of Defendant)

GONZALO ACEVEDO, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
200 N. BRAZIL
LOS FRESNOS, TEXAS 78566
Or wherever he may be found.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Ted Rodriguez, Jr.
LAW OFFICE OF ALFRED T. DENHAM
3700 N. 10th, Suite 105
McAllen, Texas 78501

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk
CLERK

DATE 10/16/00

_[signature]_
BY DEPUTY CLERK

AO 440 (Rev. 5/85)   Summons in a Civil Action

# United States District Court

SOUTHERN — DISTRICT OF — TEXAS

BROWNSVILLE DIVISION

RICARDO PEREZ, JR.,
    Plaintiff,

V.

CITY OF LOS FRESNOS, TEXAS,
JUAN C. SIERRA, SR., GONZALO ACEVEDO,
IDA GARCIA, MIGUEL MENDOZA,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES, AND JUAN MENDOZA, JR.
    Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B-00-161

TO: (Name and Address of Defendant)

JUAN C. SIERRA, SR., INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
200 N. BRAZIL
LOS FRESNOS, TEXAS 78566
Or wherever he may be found.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Ted Rodriguez, Jr.
LAW OFFICE OF ALFRED T. DENHAM
3700 N. 10th, Suite 105
McAllen, Texas 78501

an answer to the complaint which is herewith served upon you, within 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk
CLERK

DATE 10/16/00

[signature]
BY DEPUTY CLERK