19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 1 3 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Perez, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. B-00-161 |
| City of Los Fresnos, Tex., et al, | § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED, that on February 12, 2001 the Court **GRANTED IN PART** and **DENIED IN PART** the Defendants' Motion to Dismiss, Motion for a More Definite Statement and Motion to Stay Discovery [Dkt. No. 9] and **GRANTED** the Plaintiff's Second Amended Motion for Leave to Amend Pleading and Perform Limited Discovery [Dkt. No. 13, 15].

I. **Defendants' Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e)**

The Defendants claim that many of the Plaintiff's causes of action fail to state a claim as a matter of law, and, in the alternative, that the Plaintiff's complaint is so vague that it does not provide proper notice. The individual Defendants also claim that they are entitled to qualified immunity because the Plaintiff does not allege the violation of a clearly established constitutional right and their conduct was objectively reasonable. In response, the Plaintiff filed a motion for leave to amend his complaint and perform limited discovery [Dkt. No. 13]. The Court finds that the Plaintiff's current pleading provides sufficient information for the Court to rule on the Defendants' motion to dismiss the Plaintiff's federal claims against the City of Los Fresnos and the state law claims pled against all of the Defendants. However, the Court will not rule on the individual Defendants' motion for

1

qualified immunity until the Plaintiff is provided with the opportunity to file a Rule 7(a) reply that complies with the heightened pleading standards imposed by Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). Moreover, the Plaintiff is granted leave to amend his complaint to clarify his claims.

A.  Standard for deciding a motion to dismiss and for a more definite statement

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must accept all well-pleaded facts as true, and construe them in favor of the plaintiff. See Conley v. Gibson, 335 U.S. 41, 45-46 (1957); Petta v. Rivera, 143 F.3d 895, 897 (5th Cir. 1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The plaintiff is only required to plead sufficient information to outline the elements of his or her cause of action or to permit reasonable inferences to be drawn that these elements exist. See General Star Indemnity, Co. v. Vesta Fire Ins., Corp., 173 F.3d 946, 950 (5th Cir. 1999); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Walker v. South Central Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). See also 5 C. WRIGHT & C. MILLER, FEDERAL PRACTICE & PROCEDURE § 1216 (2d ed.1990). In other words, the complaint must simply provide the opposing party with fair notice of the plaintiff's claim and the grounds upon which it is based. See Conley, 355 U.S. at 47. The Supreme Court has stated, and the Fifth Circuit has repeatedly cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Walker v. South Bell Central, 904 F.2d 275, 276 (5th Cir. 1990) (citing Conley, 355 U.S. at 45-46.). See also Davis v. Monroe County Brd. of Education, 526 U.S. 629, 654 (1999); Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000); Tuchman, 14 F.3d at 1067; Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 926 (5th Cir. 1988). Ambiguities or doubts regarding the sufficiency of the claim must be resolved in favor of the plaintiff in order "to do substantial justice." Fed R. Civ. Pr. 8(f). See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). A court may not look at matters outside the pleadings in deciding the motion. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998).

2

The principles of notice pleading used in deciding a motion to dismiss also apply to motions for a more definite statement under Federal Rule of Civil Procedure 12(e). A motion for a more definite statement under Rule 12(e) should only be granted if the complaint does not provide notice of the circumstances which give rise to the claim, or set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. See General Star Indemnity, Co., 173 F.3d at 950; 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1356.

The routine rules of notice pleading detailed above do not apply when a plaintiff sues a public official in their individual capacity under 42 U.S.C. § 1983, and the defendant asserts the affirmative defense of qualified immunity. Once an individual defendant claims immunity, he or she may request or the court may independently order the plaintiff to file a Federal Rule of Civil Procedure 7(a) reply that complies with a heightened pleading standard. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). In some situations, it may be reversible error to dismiss a case based on qualified immunity if a Rule 7(a) reply is not ordered. See Reyes v. Sazan, 168 F.3d 158, 160-61 (5th Cir. 1999); Morrin v. Caire, 77 F.3d 116, 121 (5th Cir. 1996); Todd v. Hawk, 72 F.3d 443, 446 (5th Cir. 1995); Schultea, 47 F.3d at 1436 n.1 (concurring opinion of Judge Emilio Garza). Whether a complaint is insufficiently particular, and, therefore, a Rule 7(a) reply is required is a question of law. See Reyes v. Sazan, 168 F.3d 158, 160-61 (5th Cir. 1999). Once a Rule 7(a) reply has been filed, it is considered part of the pleadings and the facts alleged therein may be considered in deciding a motion to dismiss.

B.     <u>Brief summary of the facts pled in the Plaintiff's complaint</u>

The Plaintiff claims that he was fired from his position as the Chief of Police of the City of Los Fresnos in retaliation for reporting David Rodriguez, a police officer under his supervision, to the Federal Bureau of Investigations. The Plaintiff alleges that four of the Defendants – Juan C. Sierra, Sr., Gonzalo Acevedo, Ida Garcia, and Miguel Mendoza – are aldermen on the Los Fresnos City Council and voted to terminate him because of their relationship with David Rodriguez and pressure exerted by another Defendant, Juan Mendoza, Jr., a Cameron County constable and David Rodriguez' brother. The Plaintiff

3

alleges that the Defendants made public allegations of misconduct against him and did not provide him with a forum in which he could clear his name.

C.  The Plaintiff's claims alleged against the City of Los Fresnos pursuant to 42 U.S.C. § 1983:

The Plaintiff claims that he was fired by the City of Los Fresnos in violation of his procedural due process rights under the Fourteenth Amendment, and that he therefore is entitled to recovery pursuant to 42 U.S.C. § 1983.[1] The City argues that the Plaintiff cannot state a claim for the deprivation of his right to procedural due process because he has not alleged that he had a property or liberty interest that would entitle him to the protection of the Fourteenth Amendment, and that he cannot recover punitive damages against it based on his 42 U.S.C. § 1983 claim. The Defendants impermissibly base their argument that the Plaintiff was an at-will employee and did not have a property interest in his employment on an unauthenticated exhibit. The Court cannot consider the exhibit because it may only look to information within the four corners of the pleadings in ruling on a motion to dismiss. See Burns, 139 F.3d at 517. Additionally, the Plaintiff has properly alleged that his termination implicated his constitutional liberty interests under the liberal notice pleading standards of Federal Rules of Civil Procedure. See Hughes v. City of Garland, 204 F.3d 223, 226 (5th Cir. 2000); Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866, 877 (5th Cir. 1991). The Court therefore denies the City's motion to dismiss the Plaintiff's Fourteenth Amendment claims. In contrast, the City's argument that the Plaintiff cannot recover punitive damages against it under 42 U.S.C. § 1983 has merit. It is well-established that punitive damages cannot be recovered against a governmental entity under 42 U.S.C. § 1983. See Jefferson v. City of Tarrant, Ala., 522 U.S. 75, 79 (1997).

---

[1] The Plaintiff also alleges that the Defendants violated his First Amendment rights. That claim is not addressed in the Defendants' motion to dismiss on the merits.

4

D.  The Plaintiff's claims alleged against the individual Defendants pursuant to 42 U.S.C. § 1983

The individual Defendants claim that the Plaintiff's Fourteenth Amendment cause of action should be dismissed on the merits and that they are entitled to qualified immunity from all of the Plaintiff's federal claims.  The Defendants argue that they are immune from the Plaintiff's claims under 42 U.S.C. § 1983 because the Plaintiff has not pled the violation of a clearly established right and their conduct was objectively reasonable.  The Court finds that the Plaintiff's complaint states a violation under the Fourteenth Amendment.  See supra Section I(C) of this order.  The Defendants' motion to dismiss on the merits is consequently denied.  However, the Court finds that the Plaintiff's complaint does not contain sufficient detail to survive the Defendants' qualified immunity motion.  The Court will therefore require the Plaintiff to file a Rule 7(a) reply that complies with the heightened pleading standard of Schultea, 47 F.3d at 1433.  The Court orders the Parties to confer and agree on a date by which the Rule 7(a) reply must be filed before the initial pretrial conference scheduled for February 26, 2001.  The Court will rule on the Defendants' qualified immunity motion once the Plaintiff has filed a Rule 7(a) reply.

E.  The Plaintiff's claim for expert fees under 42 U.S.C. § 1988(c)

The Defendant argues that the Plaintiff's claim for expert fees under 42 U.S.C. § 1988(c) must be dismissed.  The Court agrees.  Expert fees cannot be recovered against any of the Defendants under 42 U.S.C. § 1988(c) because that statute only refers to plaintiffs who prevail on a 42 U.S.C. § 1981 cause of action.  The Plaintiff has not alleged that the Defendants violated his rights under 42 U.S.C. § 1981.  See 42 U.S.C. § 1988(c); Jenkins by Jenkins v. State of Mo., 158 F.3d 980, 983 (8th Cir. 1998).

F.  The Plaintiff's Claims pursuant to the Texas Whistleblower Act

The Defendants accurately argue that the Plaintiff cannot state a claim against the individual Defendants under the Texas Whistleblower Act.  The statute only creates a cause of action against employers, in this case the City of Los Fresnos.  See Tex. Gov't

5

Code § 554.004; Rodriguez v. Laredo Indep. Sch. Dist., 82 F.Supp.2d 679, 668 (S.D. Tex. 2000). However, the Defendants' argument that punitive damages cannot be recovered against the City for a violation of the Whistleblower Act is incorrect. The Texas Supreme Court has held that punitive damages can be awarded against an employer for a violation of the Whistleblower Act "if the employer acted with malice." City of Fort Worth v. Zimlich, 29 S.W.3d 62, 71 (Tex. 2000).

    G.    The Plaintiff's claims for defamation, slander, intentional infliction of emotional distress, and civil conspiracy

The Defendants argue that the Court should dismiss the state law torts alleged against the individual Defendants and the City of Los Fresnos. The Court finds that the Plaintiff adequately pleads the elements of causes of action for defamation, slander, intentional infliction of emotional distress, and civil conspiracy against the individual Defendants, and that the Plaintiff has pled facts that pierce the privilege provided for communications made in the course of an investigation into employee wrongdoing.[2] The City of Los Fresnos, however, has sovereign immunity from these claims. Governmental entities in Texas are immune from common law intentional torts, such as those claimed by the Plaintiff. See Tex. Civ. Prac. & Rem. Code § 101.057; Dupre v. Harris County Hosp. Dist., 8 F.Supp.2d 908, 927 (S.D. Tex. 1998).

---

[2] See WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex.1998) (outlining the elements of defamation); Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644-46 (Tex. 1995) (outlining the elements of a slander claim, explaining the exceptions to the privilege for investigations into employee wrongdoing, and outlining the elements of intentional infliction of emotional distress); Triplex Communications, Inc. v. Riley, 900 S.W.2d 716, 719 (Tex. 1995) (outlining the elements of civil conspiracy); Wornick Co. v. Cases, 856 S.W.2d 732, 734 (Tex. 1993) (discussing the tort of intentional infliction of emotional distress when an employer or supervisor is the defendant); Campbell v. Salazar, 960 S.W.2d 719, 725 (Tex.App.--El Paso 1997) (outlining the elements of slander).

II.  **Defendants' Motion to Stay Discovery and Plaintiff's Motion to Perform Limited Discovery**

The individual Defendants and the Plaintiff request the same relief in their motions. They both ask the Court to limit discovery to the defense of qualified immunity until the Court rules on whether the Defendants are immune. The Court grants the Parties' motions and orders them to confer to agree on a date by which discovery on qualified immunity can reasonably be completed before the initial pretrial conference set for February 26, 2001.

III.  **Conclusion**

In summary, the Court has made the following rulings in this order:

(1)  The Defendants' motion to dismiss the Plaintiff's Fourteenth Amendment procedural due process claim on the merits is **DENIED**;

(2)  The City of Los Fresnos' motion to dismiss the Plaintiff's punitive damages claim against it pursuant to 42 U.S.C. § 1983 is **GRANTED**;

(3)  The individual Defendants' motion to dismiss the Plaintiff's federal claims based on qualified immunity is **GRANTED** in the sense that the Plaintiff will be **ORDERED** to file a Rule 7(a) reply that complies with Schultea's heightened pleading standard by a date to be set at the initial pretrial conference;

(4)  The Parties's discovery motions are **GRANTED** in that discovery will be limited to qualified immunity issues until the Court rules whether the individual Defendants are immune from the Plaintiff's federal claims. The Parties are **ORDERED** to confer and agree on proposed dates by which discovery on qualified immunity will be completed and by which the Plaintiff will file his Rule 7(a) reply before the initial pretrial conference;

(5)  The Defendants' motion to dismiss the Plaintiff's claim for expert fees pursuant to 42 U.S.C. § 1988(c) is **GRANTED**;

(6)  The individual Defendants' motion to dismiss the Plaintiff's Texas Whistleblower Act claim is **GRANTED**;

7

(7) The City of Los Fresnos' motion to dismiss the Plaintiff's claim for punitive damages under the Texas Whistleblower Act is **DENIED**;

(8) The individual Defendants' motion to dismiss the Plaintiff's claims for defamation, slander, intentional infliction of emotional distress, and civil conspiracy is **DENIED**; however, the City of Los Fresnos' motion to dismiss those claims is **GRANTED**; and,

(9) The Plaintiff is **GRANTED** leave to amend his complaint by a date to be set at the initial pretrial conference.

DONE at Brownsville, Texas, this ___ day of February 2001.

_____
Hilda G. Tagle
United States District Judge

8