

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RICARDO PEREZ, JR. | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF LOS FRESNOS, TEXAS, | § | B - 00 - 161 |
| JUAN C. SIERRA, SR., GONZALO | § | |
| ACEVEDO, IDA GARCIA, MIGUEL | § | |
| MENDOZA, Individually and in their | § | |
| Official Capacities and | § | |
| JUAN MENDOZA, JR. | § | |
|     Defendants | § | JURY REQUESTED |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    ANSWER: Meeting was held telephonically on January 26, 2001, between Ted Rodriguez, attorney for Plaintiff Ricardo Perez, Jr.; J. Arnold Aguilar, attorney for Defendants City of Los, Fresnos, Texas, Juan C. Sierra, Sr., Gonzalo Acevedo, Ida Garcia and Miguel Mendoza (City Defendants); and Albert Villegas, attorney for Defendant Juan Mendoza, Jr.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    ANSWER: None.

3. Specify the allegation of federal jurisdiction.

   ANSWER: 28 U.S.C. §1331 (federal question)

4. Name the parties who disagree and the reasons.

   ANSWER: Defendant Juan Mendoza, Jr. denies that federal jurisdiction is proper as to him because all claims against him are based on state law.

5. List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

   ANSWER: None at this time.

6. List anticipated interventions.

   ANSWER: None at this time.

7. Describe class-action issues.

   ANSWER: None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   ANSWER: The parties agree to provide initial disclosures by February 12, 2001.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      (1) What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made.

         ANSWER: The parties agree to provide initial disclosures by February 12, 2001.

(2) The subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

ANSWER: Discovery will be needed on issues relating to the individual Defendants' entitlement to qualified immunity and on issues relating to possible liability of all Defendants. The parties agree to conduct discovery on the issue of the entitlement of the individual Defendants to qualified immunity and on the general liability of all Defendants. Initial discovery should be completed by October 15, 2001.

(3) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and,

ANSWER: Plaintiff and the City Defendants agree to conduct discovery as set out in 9(A)(2) above. Once that discovery is completed, the individual Defendants may file any Motions for Summary Judgment on qualified immunity or other grounds by November 15, 2001. Once the Court has ruled on those motions, the parties may continue with any remaining discovery, which should be completed within ninety (90) days after the Court rules on those motions. Plaintiff is also seeking recovery of a tape recordings of certain City Commission meetings, which because of technical difficulties in reproducing copies have not yet been provided.

(4) Any other orders that should be entered by the court under subdivision (c) or under Rule 16(b) and (c).

ANSWER: None other than as described herein.

B. When and to whom the plaintiff anticipates it may send interrogatories.

ANSWER: To all Defendants by February 12, 2001.

C. When and to whom the defendant anticipates it may send interrogatories.

ANSWER: To the Plaintiff by February 28, 2001.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

ANSWER: Of all Defendants, witnesses Manuel Abrego, Melanie McCormick, Pam Denny, Juan Munoz, Ramirez Sanchez, and other witnesses by August 31, 2001.

E. Of whom and by when the defendant anticipates taking oral depositions.

ANSWER: Defendants anticipate taking depositions of Plaintiff and other witnesses by August 31, 2001.

F. When the plaintiff (or the party with the burden of proof of an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

ANSWER: For qualified immunity issues, Plaintiff anticipates designating experts by September 15, 2001; Defendants by September 30, 2001.

G. List expert depositions the plaintiff (or the party with the burden of proof of an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

ANSWER: Of Defendants' experts by October 15, 2001.

H. List expert depositions the opposing counsel anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

ANSWER: Of Plaintiff's experts, by September 30, 2001.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   ANSWER: The parties are in agreement.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

   ANSWER: None.

12. State the date the planned discovery can reasonably be completed.

   ANSWER: Discovery on qualified immunity issues should be completed by October 15, 2001.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   ANSWER: The parties agree to consider the option of mediation at a later time.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

   ANSWER: Plaintiff has made a settlement demand on the City before suit was filed. The parties agree to consider the option of mediation at a later time.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such technique may be effectively used in this case.

   ANSWER: The parties agree to consider the option of mediation at a later time.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   ANSWER: The parties do not agree to trial before a magistrate judge at this time.

17. State whether a jury demand has been made and if it was made on time.

   ANSWER: Plaintiff and Defendant Juan Mendoza, Jr. timely made jury demands.

18. Specify the number of hours it will take to present the evidence of this case.

   ANSWER: It is anticipated that Plaintiff's case in chief should take 35-40 hours to present, the City Defendants' case in chief should take 24 hours to present, and Juan Mendoza's case in chief should take 16 hours to present..

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   ANSWER: The City Defendants believe Defendants' Motion to Dismiss, Motion to Stay Discovery and Motion for More Definite Statement may be ruled on by the Court. Plaintiff believes Plaintiff's Motion for Leave to Amend and Conduct Limited Discovery should be ruled on by the Court.

20. List other motions pending.

   ANSWER: None.

21. Indicate other matters peculiar to this case, including discovery, that deserves the special attention of the court at the conference.

   ANSWER: None other than those matters set out above.

Attorney for Defendant JUAN MENDOZA, JR.
Albert Villegas
State Bar No. 20585450
Federal Adm. No. 4914

VILLEGAS LAW FIRM
1324 E. 7th Street
Brownsville, TX 78520
Telephone : (956) 544-3352
Facsimile : (956) 544-7828


_____         _____
Ted Rodriguez,                           Date
Counsel for Plaintiff,
RICARDO PEREZ, JR.



_____         _____
J. Arnold Aguilar,                       Date
Counsel for Defendants,
CITY OF LOS FRESNOS, TEXAS,
JUAN C. SIERRA, JR., GONZALO
ACEVEDO, IDA GARCIA and
MIGUEL MENDOZA


_____         _____2-8-01_____
Albert Villegas,                         Date
Counsel for Defendant,
JUAN MENDOZA, JR.