36

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



COPY

Southern District of Texas
FILED

OCT 0 3 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RICARDO PEREZ, JR. | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-161 |
| | § | |
| CITY OF LOS FRESNOS, TEXAS | § | |
| JUAN C. SIERRA, SR., GONZALO | § | |
| ACEVEDO, IDA GARCIA, MIGUEL | § | |
| MENDOZA, INDIVIDUALLY AND IN | § | |
| THEIR OFFICIAL CAPACITIES, AND | § | |
| JUAN MENDOZA, JR., | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION TO COMPEL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, RICARDO PEREZ, JR., Petitioner herein, and makes and files this his Plaintiff's Motion to Compel, and for good cause would show the Court the following:

### I.

1.1    This Motion to Compel is brought pursuant to Rule 37 of the Federal Rules of Civil Procedure.

### II.

2.1    Plaintiff would show the Court that on or about January 26, 2001, Plaintiff filed Written Interrogatories and Requests for Production of Documents and Tangible Items to all of the defendants. Defendants City of Los Fresnos, Ida Garcia, Miguel Mendoza, Juan C. Sierra, Sr., and Gonzalo Acevedo have filed objections and responses timely. (See Exhibit 1 - Plaintiff only files one defendant's set of responses from this group because all were the same or substantially similar). Defendant Juan Mendoza, Jr. filed responses on September 17, 2001.

2.2    Defendants City of Los Fresnos, Ida Garcia, Miguel Mendoza, Juan C. Sierra, Sr., and

Gonzalo Acevedo have filed initial disclosures pursuant to Rule 26 of the Federal Rules of Procedure on or about May 29, 2001. Defendant Juan Mendoza, Jr. filed any Rule 26 disclosures on or about September 21, 2001.

### III.

### CITY OF LOS FRESNOS, IDA GARCIA, MIGUEL MENDOZA, JUAN C. SIERRA, SR. AND GONZALO ACEVEDO

4.1   Plaintiff requests that defendants City of Los Fresnos, Ida Garcia, Miguel Mendoza, Juan C. Sierra, Sr., and Gonzalo Acevedo fully respond to R26(a)(1)(D) Initial Disclosure and provide copies of insurance documents which may be applicable.

4.2   Plaintiff would ask that the Court to remove objections and fully answer Interrogatory No. 8, 11, 12, 13, 14, 15, 16, and 18.

Interrogatory No. 8 is discoverable as it relates "the defense of the party" pursuant to R26(b)(1) and facts supporting the contentions pursuant to R33(c). Defendants have not filed an Answer and a Motion to Dismiss merely points out deficiencies in pleadings.

Interrogatory Nos. 11, 12, 13, and 14 are meant to narrow the list of witnesses and issues concerning the plaintiff's termination. Presumably, defendants will aver reasons for plaintiff's termination and plaintiff is entitled to discover those as well as supporting facts and witnesses.

Interrogatory No. 15 asks the individual defendants to identify which concerns were theirs in the Exhibit "A" which was a compilation of all of their concerns.

Interrogatory No. 16 goes directly to the reasons for termination and conspiracy to terminate the plaintiff. Vague answers were provided in depositions. This interrogatory is reasonably calculated.

Interrogatory No. 18 fails to disclose some information claiming a violation of the Texas Open

CutePDF - www.tkwiss.com

Meetings Act.  However, defendants fail to identify which provisions of the Texas Open Meetings Act they claim applicable or provide a description of the information withheld.

4.3     Plaintiff would request that the Court order defendants to fully respond to Requests for Production Nos. 1, 2, 3, 6, 7, 10, 12, 15, 16, 17, 19, 21, 23, 24, 25, 26, 27, 28, and 29.

4.4     Firstly, defendants provided a mass number of documents but did not organize and label them to correspond to the categories requested.  Plaintiff cannot determine which documents are responsive to which category of Requests.

Request No. 1 pertains to certain police investigations or operations for which the Council had subsequently criticized the plaintiff.  Exhibit "2", attached and incorporated herein, is a letter sent by the City's attorney to plaintiff approximately two and a half months after plaintiff's termination.  Subsections (2), (3), (4), (5), (6), (7), (8), (11), (12), (13), (14), and (15) all deal with police investigations or complaints concerning plaintiff's operation of the police department.  Plaintiff cannot address these issues or demonstrate the lack of merit to these complaints without the reports.  Matters protected from usual disclosure under the Texas Open Records Act may be disclosed by Court Order. Tex. Gov't Code section 551.001 et seq. (Vernon's 1999).  Defendants are impermissibly using the Open Records Act and Freedom of Information Act offensively by proffering vague allegations listed in Exhibit "2" but not allowing the plaintiff the opportunity to discover the basis for those allegations. Chevron Corp. v. Pennzoil Co., 974 F. 2d 1156, 1162-63 (9th Cir. 1992).

More importantly, almost all the police investigations or departmental operations for which the plaintiff was criticized in Exhibit "2" involved officer David Rodriguez or the Constable's officers, both of whom allied and provoked the movement to terminate the plaintiff.  See Exhibit "3", attached and incorporated herein.  Officer Rodriguez complained about the plaintiff to the council

CibPDF - www.fineprint.com

members who eventually made the decision to terminate him.  Id. at     Officer Rodriguez is the police officer who was reported to law enforcement authorities for civil rights violations by plaintiff in the exercise of his first amendment rights and protections under the state whistleblower laws.  He also made the report at the direction of his supervisor and the City attorney.  On at least one of the allegations brought against the plaintiff in Exhibit "2", Officer Rodriguez alleged drugs he confiscated in a large drug bust were "destroyed or later disposed of " without testing by certain labs. See Exhibit "2", no. (3).  This was used to make allusions that the plaintiff had lost or had taken the drugs.  As part of the investigation, the plaintiff discovered photographs of the alleged bag of drugs taken by officer Rodriguez before the evidence was locked in the evidence room.  The photographs demonstrate that officer Rodriguez knew he did not confiscate drugs but he used the opportunity to discredit the plaintiff..  Thus, it is essential that the plaintiff be allowed the reports concerning any matters which the defendants may assert as a reason for termination of the plaintiff.

Request No. 3 asks for statements made by the plaintiff concerning the subject matter of the lawsuit.  A party's own statements are generally discoverable.  Plaintiff would request an order from the Court allowing disclosure of matters discussed in executive session or relating to statements made concerning personnel issues if they touch on the whistleblower or free speech claims of the  plaintiff.

Request No. 7 asks for witness statements which are generally discoverable and definitely discoverable if used to refresh a witness' memory.

Request No. 10 is intended to show a pattern and practice of the defendant in the treatment of its employees.  Plaintiff is aware of other claims against the City for wrongful termination issues but does not know names, dates or locations of suit, if any.  This information is known to the

4

CMrPDF - www.fenrir.com

defendants.

Request No. 12 asks for medical reports or records in the defendants' possession.  Plaintiff was treated by the City of Los Fresnos E.M.S. and had requested the records and bills previously but these have never been received.

Request No. 15 asks for the entire personnel file of the plaintiff, including anything relating to disciplinary action taken against officer David Rodriguez which may be in plaintiff's personnel file.  For reasons stated above, David Rodriguez is a key element in the termination of the plaintiff.  The defendants rely to a large extent on the information from David Rodriguez and to not allow discovery on this information would materially prohibit plaintiff from prosecuting his claims.

Request No. 16 is requested because it goes directly to the purpose and reason for the disciplining and termination of the plaintiff.  Plaintiff requests an order to allow discussion of matters in executive session and elsewhere concerning the plaintiff's discipline or termination.

Request No. 17 asks for documentation of any complaints made against the plaintiff regarding his work as chief of police which is highly relevant, particularly if defendants wish to later assert this as reason for his termination.  Plaintiff requests an order to allow discussion of matters in executive session and elsewhere concerning complaints.

Request No. 19, plaintiff requests that the objections be overruled.

Request No. 21 touches on a pattern, practice and set of policies and is relevant to plaintiff's claims.  Plaintiff requests that all objections be overruled.

Request No. 23 includes a request for the qualifications of the position of chief of police for five years prior to the hiring of the plaintiff through the present time.  This is intended to show how the council manipulates the position and its pattern and practice in controlling the position.

CVMPDF - www.texita.com

Request No. 24 is reasonably calculated to show how the plaintiff was considered, retained and terminated and the objections should be overruled.

Request No. 25 is reasonably calculated to show a policy, pattern or practice as well as local laws affecting the position of chief of police for defendant city. It is limited in time and scope and the objections should be overruled.

Request No. 26 asks for copies of cellular phone bills itemizing calls from June 1, 2000 through December 20, 2001. Plaintiff requests this information and will limit it to calls to/from any of the individual defendants, and include officers David Rodriguez and Joe Macias.

Requests Nos. 27 and 28 are reasonably calculated to issues concerning hiring, rights to hearings as well as city policies, procedures and practices. Objections should be overruled.

Request No. 29 concerns the plaintiff's termination and plaintiff requests that the Court order disclosure of executive session discussions and materials relating to the termination of the plaintiff.

4.4     Plaintiff has deposed all of the City alderman, the Mayor Manuel Abrego, and the interim City Administrator Pamela Denny. Inquiry was made into a closed session meeting regarding the re-hiring of officer David Rodriguez. See Exhibit "9", attached and incorporated herein - only one deposition excerpt is offered for the sake of brevity but all followed along the same lines of inquiry. Attorney for the defendants objected on the basis it involved personnel matters and matters discussed in closed session. Id. Plaintiff would ask the Court to order that the plaintiff be allowed to re-depose some of the witnesses concerning this matter to demonstrate that the defendants did offer due process to some of its selected employees and not to the plaintiff and to explore some of officer Rodriguez' allegations against the plaintiff to the defendant alderpersons. This further is expected to demonstrate that retaliation was taken against the plaintiff for

6

exercising his first amendment rights and in violation of the Texas Whistleblower laws.

## CERTIFICATE OF CONFERENCE

Petitioner has conferred with all counsel of record, and Arnold Aguilar is opposed to Interrogatories Nos. 8,11,12,13,14,15,16 and may be unopposed to 18. Albert Villegas has not indicated whether he is opposed to this Motion concerning his non-clients.   A copy of the proposed Motion was sent to both attorneys on September 18, 2001.   Mr. Aguilar has telephonically agreed that matters concerning executive session and personnel matters could be discovered but requires an Order of the Court.

**WHEREFORE, PREMISES CONSIDERED**, Petitioner  prays that the Court grant this Motion to Compel, and that all responses be provided within ten (10) days of the signing of this order, that plaintiff be allowed to re-depose the city alderpersons and employees already deposed concerning closed session matters as requested herein, and for such other and further relief, at law or in equity, to which this Petitioner  may show himself justly entitled to receive.

Respectfully submitted,

By: _____
Ted Rodriguez, Jr.
State Bar No. 00788307
Federal I.D. No. 16851
**ATTORNEY FOR PETITIONER**

LAW OFFICE OF TED RODRIGUEZ, JR.
5415 N. McColl, Suite 105
McAllen, Texas 78504
Phone (956) 686-7500
Fax     (956) 686-7594

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the _2nd_ day of October, 2001, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

**<u>VIA CMRRR 7000 1670 0001 4320 8782</u>**
Honorable J. Arnold Aguilar
**LAW OFFICE OF J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Blvd.
Brownsville, Texas 78520

**<u>VIA FAX 7000 1670 0001 4320 8799</u>**
Honorable Albert Villegas
**VILLEGAS LAW FIRM**
1324 E. Seventh Street
Brownsville, Texas 78520

Ted Rodriguez, Jr.

ClihPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICARDO PEREZ, JR., | § | |
|    Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF LOS FRESNOS, TEXAS, | § | CIVIL ACTION NO. |
| JUAN C. SIERRA, SR., GONZALO | § | |
| ACEVEDO, IDA GARCIA, MIGUEL | § | B – 00 - 161 |
| MENDOZA, Individually and in their | § | |
| Official Capacities and | § | |
| JUAN MENDOZA, JR., | § | |
|    Defendants | § | |

---

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## REQUESTS FOR PRODUCTION

---

TO: RICARDO PEREZ, JR., Plaintiff,
   By and through his attorney of record:

   Mr. Ted Rodriguez
   LAW OFFICE OF ALFRED T. DENHAM
   3700 North 10th Street, Suite 100
   McAllen, TX 78501

   COMES NOW **MIGUEL MENDOZA**, Defendant in the above styled and

numbered cause and pursuant to Rule 34 of the Federal Rules of Civil Procedure,

serves and files Defendant MIGUEL MENDOZA's Responses to Plaintiff's Requests

for Production, as attached hereto.

Signed on this the 26th day of February, 2001.

Respectfully submitted,

**LAW OFFICE
J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone    : (956) 504-1100
Facsimile     : (956) 504-1408

By: _____
    J. Arnold Aguilar
    State Bar No. 00936270
    Federal Adm. No. 6822

Attorney for Defendant,
MIGUEL MENDOZA.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION** has on this the 26th day of February, 2001, been forwarded, via certified mail, return receipt requested to:

Mr. Ted Rodriguez
LAW OFFICE OF ALFRED T. DENHAM
3700 North 10th Street, Suite 100
McAllen, TX 78501

and via First Class mail to:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 E. 7th Street
Brownsville, TX 78520

_____
J. Arnold Aguilar

## DEFENDANT MIGUEL MENDOZA'S RESPONSES
## TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1.  Any police report or other report of investigation by any governmental agency or private organization relating to the occurrence in questions.

> RESPONSE:  Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

> Defendant objects to the release of these documents on the basis that the information requested is prohibited from disclosure pursuant to the Freedom of Information Act and the Texas Open Records Act.

> This discovery request would result in an invasion of the right to privacy of various individuals who are not parties to the pending litigation or would invade the right to privacy of parties to this litigation, where that invasion would not otherwise be justified.

> Because Plaintiff has not identified the "occurrence in question," Defendant cannot fully respond to this request.

> Without waiving the foregoing objections, see documents attached.

2.  Any and all insurance agreements or policies under which any person or entity carrying on any insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action, or can indemnity or reimburse for payments made to satisfy the judgment.  This request includes applications for insurance or policies.

> RESPONSE:      Defendant has requested the information described herein, and will supplement this response accordingly.

3. Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, visual or audio, or other type of recording, or any transcription thereof, made by Plaintiff hereto and contemporaneously.

> RESPONSE: Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

> Defendant objects to the release of these documents on the basis that the information requested is prohibited from disclosure pursuant to the Freedom of Information Act and the Texas Open Records Act.

> This discovery request would result in an invasion of the right to privacy of various individuals who are not parties to the pending litigation or would invade the right ot privacy of parties to this litigation, where that invasion would not otherwise be justified.

> Without waiving the above objections, see documents attached.

4. Any and all settlement agreements wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

> RESPONSE: None.

5. A copy of any surveillance, movies, or photographs which have been made of any of the Plaintiff taken at any time.

> RESPONSE: None.

6. Any and all books, documents, photographs, videotapes, audiotapes or other tangible things which may be used at the time of trial, which may have a bearing on the cause of this action, which depict any matter relevant to this action or may be referenced to this action.

> RESPONSE: Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

> Without waiving the foregoing objection, see documents attached.

7. Copies of any and all statements which any witness of the Defendant will use, or you anticipate may use, to refresh his or her memory either for deposition or at trial.

> RESPONSE: Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

> Without waiving the foregoing objection, see documents attached.

8. Any and documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

> RESPONSE: Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

> Without waiving the foregoing objection, see documents attached.

9. The Defendant's file on this matter, including, but not limited to, reports, correspondence, noptes and memorandum, which was prepared prior to Defendant's anticipation of litigation of the pending lawsuit.

> RESPONSE: Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

> Defendant objects to this discovery request on the basis that it seeks information or communications through which advice of counsel was sought, which included an intent by the client to keep such information or communication in confidence, and which information is protected from disclosure pursuant to Federal Rules of Civil Procedure 26 and 34.

> Without waiving the foregoing objections, see documents attached.

10. Copies of complaints, complaint files, letters, correspondence, memorandums or other documents, identifying, or describing the same or similar matters as those alleged by Plaintiff in this cause and directed to and/or about the Defendant which are within Defendant's possession, custody, or control. (NOTE: this request is limited to the period of five (5) years prior to the date of this incident through the present time).

RESPONSE: Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

Without waiving the foregoing objection, none.

11. Copies of any written customs, instructions, practices, regulations, standard operating procedures, memorandum, guidelines, or other rules in effect at the time and place of the incident made the basis of this suit, which pertain to the occurrence or performance of any of the events relevant to the incident made the basis of this suit.

RESPONSE: Attached.

12. Copies of any and all medical reports or records in your possession or constructive possession concerning any diagnosis and/or treatment or health care provided in connection with this Plaintiff existing prior to, or after the incident made the basis of this suit.

RESPONSE: None.

13. Copies of all contracts, agreements, memorandum, letters or other documents concerning the employment of Ricardo Perez, Jr. as the Chief of Police for the City of Los Fresnos.

RESPONSE: See attached.

14. Copies of the entire personnel file of the Plaintiff, including, but not limited to, all reprimands, censures, disciplinary actions, write-ups, warnings, awards or other disciplinary actions taken against the Plaintiff.

RESPONSE: See attached.

15. Copies of the entire personnel file of the Plaintiff, including, but not limited to, all reprimands, censures, disciplinary actions, write-ups, warnings, awards or other disciplinary actions taken against David Rodriguez.

RESPONSE: This discovery request would result in an invasion of the right to privacy of various individuals who are not parties to the pending litigation or would invade the right of privacy of parties to this litigation, where that invasion would not otherwise be justified.

Defendant objects to the release of these documents on the basis that the information requested is prohibited from disclosure pursuant to the Freedom of Information Act and the Texas Open Records Act.

Without waiving the foregoing objections, see documents attached.

16. Copies of any and all letters, memorandums, notes, minutes, audio tapes or other recordings, concerning your discussion or your involvement in discussion of the discipline or termination of Ricardo Perez, Jr.

RESPONSE: Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

Defendant objects to the release of these documents on the basis that the information requested is prohibited from disclosure pursuant to Texas Open Records Act and the Texas Open Meetings Act.

Without waiving the foregoing objections, see attached documents.

17. Copies of any and all reports, records, notes, memos or other documents, audio tapes or other recordings concerning complaints or concerns relayed to you by others regarding Plaintiff's work as a Chief of Police for the City of Los Fresnos.

RESPONSE: Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

Defendant objects to the release of these documents on the basis that the information requested is prohibited from disclosure pursuant to Texas Open Records Act and the Texas Open Meetings Act.

Without waiving the foregoing objections, see attached documents.

18. Copies of any and all minutes, resolutions, ordinances or other documents relating to the hiring of the Plaintiff for Chief of Police of the City of Los Fresnos.

RESPONSE: See attached.

19. Copies of any and all minutes, resolutions, ordinances or other documents relating to the tenure and/or retention of the Plaintiff as Chief of Police of the City of Los Fresnos.

> RESPONSE: Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.
>
> Without waiving the foregoing objection, see documents attached.

20. Copies of any and all minutes, resolutions, ordinances or other documents relating to the discipline or termination of the Plaintiff as Chief of Police of the City of Los Fresnos.

> RESPONSE: See attached.

21. Copies of all personnel manuals, ordinances, resolutions, minutes of meetings, memos, letters, correspondence or other documents related to the hiring, retention, discipline or termination of the Chief of Police for the City of Los Fresnos from January 1, 1995 through the present time.

> RESPONSE: Defendant objects to this discovery request on the basis that it is burdensome and harassing in that it seeks a large amount of information or documents that are irrelevant or immaterial and are not otherwise calculated to lead to the discovery of relevant or material information or documents, would impose upon this Defendant an unnecessary expense and would constitute harassment, in violation of Federal Rules of Civil Procedure 26 and 34.
>
> Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.
>
> Defendant objects to the release of these documents on the basis that the information requested is prohibited from disclosure pursuant to the Freedom of Information Act and the Texas Open Records Act and the Texas Open Meeting Act.
>
> This discovery request would also result in an invasion of the right to privacy of various individuals who are not parties to the pending litigation or would invade the right ot privacy of parties to this litigation, where that invasion would not otherwise be justified.
>
> Without waiving the foregoing objections, see documents attached.

22. Copies of all postings, notices, or other documents relating to the notice for the job vacancy for the Chief of Police of the City of Los Fresnos which Ricardo Perez, Jr. was hired.

      RESPONSE:  See documents attached.

23. Copies of all memorandums, letters, correspondence, ordinances, resolutions, postings or other documents relating to the qualifications, pay and benefits for the position of Chief of Police of the City of Los Fresnos Police Department from January 1, 1995 through the present time, including but not limited to the above-referenced documents applicable to Ricardo Perez, Jr. when he was hired as Chief of Police for the City of Los Fresnos.

      RESPONSE:  Defendant objects to this discovery request on the basis that it is burdensome and harassing in that it seeks a large amount of information or documents that are irrelevant or immaterial and are not otherwise calculated to lead to the discovery of relevant or material information or documents, would impose upon this Defendant an unnecessary expense and would constitute harassment, in violation of Federal Rules of Civil Procedure 26 and 34.

      Defendant objects to this discovery request on the basis that it seeks information that is not material to any subject matter in the pending action and it is not otherwise reasonably calculated to lead to discovery of admissible evidence.

      Defendant objects to this discovery request on the basis that it seeks information that is not relevant to any subject matter in the pending action and it is not otherwise reasonably calculated to lead to discovery of admissible evidence.

      Without waiving the foregoing objections, see documents attached.

24. Copies of all minutes, notes, memorandum, reports, records, or audio tapes or other recordings and/or documents concerning the hiring, discipline, termination, or consideration of the Plaintiff as the Chief of Police of the City of Los Fresnos.

      RESPONSE   Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

      Without waiving the foregoing objection, see documents attached.

25. Copies of all minutes, resolutions, ordinances and other rules or policies applicable to the hiring, discipline, termination and/or tenure of the Chief of Police of the City of Los Fresnos in effect three (3) years before the date of hire of the Plaintiff as Chief of Police to the present time.

   RESPONSE:  Defendant objects to this discovery request on the basis that it is burdensome and harassing in that it seeks a large amount of information or documents that are irrelevant or immaterial and are not otherwise calculated to lead to the discovery of relevant or material information or documents, would impose upon this Defendant an unnecessary expense and would constitute harassment, in violation of Federal Rules of Civil Procedure 26 and 34.

   Defendant objects to this discovery request on the basis that it seeks information that is not relevant to any subject matter in the pending action and it is not otherwise reasonably calculated to lead to discovery of admissible evidence.

   Defendant objects to this discovery request on the basis that it seeks information that is not material to any subject matter in the pending action and it is not otherwise reasonably calculated to lead to discovery of admissible evidence.

   Without waiving the foregoing objections, see documents attached.

26. Copies of all cellular phone bills, itemizing calls by phone numbers for phones which you owned from June 1, 2000 through December 20, 2000.

   RESPONSE:  Defendant objects to this discovery request on the basis that it is burdensome and harassing in that it seeks a large amount of information or documents that are irrelevant or immaterial and are not otherwise calculated to lead to the discovery of relevant or material information or documents, would impose upon this Defendant an unnecessary expense and would constitute harassment, in violation of Federal Rules of Civil Procedure 26 and 34.

   Defendant objects to this discovery request on the basis that it seeks information that is not relevant to any subject matter in the pending action and it is not otherwise reasonably calculated to lead to discovery of admissible evidence.

   Defendant objects to this discovery request on the basis that it seeks information that is not material to any subject matter in the pending action and it is not otherwise reasonably calculated to lead to discovery of admissible evidence.

27. Copies of all literature, handouts, manuals, standard operating procedures, guidelines, rules, memorandum, audiotapes, videotapes or other documents or tangible materials concerning training, classes, courses or seminars regarding due process employment issues for City employees since January 1, 1995 through the present.

> RESPONSE: Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.
>
> Defendant objects to this discovery request on the basis that it seeks information that is not relevant to any subject matter in the pending action and it is not otherwise reasonably calculated to lead to discovery of admissible evidence.
>
> Defendant objects to this discovery request on the basis that it seeks information that is not material to any subject matter in the pending action and it is not otherwise reasonably calculated to lead to discovery of admissible evidence.
>
> Without waiving the foregoing objections, see documents attached.

28. Copies of all literature, handouts, manuals, standard operating procedures, guidelines, rules, memorandum, audiotapes, videotapes, or other documents or tangible materials regarding hiring and firing issues for City employees since January 1, 1995 through the present.

> RESPONSE: Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.
>
> Defendant objects to this discovery request on the basis that it seeks information that is not relevant to any subject matter in the pending action and it is not otherwise reasonably calculated to lead to discovery of admissible evidence.
>
> Defendant objects to this discovery request on the basis that it seeks information that is not material to any subject matter in the pending action and it is not otherwise reasonably calculated to lead to discovery of admissible evidence.
>
> Without waiving the foregoing objections, see documents attached.

29. Copies of audiotapes and minutes of council meetings wherein the disciplinary and/or termination of the Plaintiff as Chief of Police of the City of Los Fresnos, Texas was discussed.

> RESPONSE: Defendant objects to the release of these documents on the basis that the information requested is prohibited from disclosure pursuant to Texas Open Meetings Act.
>
> Without waiving the foregoing objection, see documents attached.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICARDO PEREZ, JR., | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF LOS FRESNOS, TEXAS, | § | CIVIL ACTION NO. |
| JUAN C. SIERRA, SR., GONZALO | § | |
| ACEVEDO, IDA GARCIA, MIGUEL | § | B – 00 - 161 |
| MENDOZA, Individually and in their | § | |
| Official Capacities and | § | |
| JUAN MENDOZA, JR., | § | |
| Defendants | § | |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

TO:   RICARDO PEREZ, JR., Plaintiff,
By and through his attorney of record:

Mr. Ted Rodriguez
LAW OFFICE OF ALFRED T. DENHAM
3700 North 10th Street, Suite 100
McAllen, TX  78501

COMES NOW **MIGUEL MENDOZA**, Defendant in the above styled and numbered cause and pursuant to Rule 33 of the Federal Rules of Civil Procedure, serves and files Defendant MIGUEL MENDOZA's Answers to Plaintiff's First Set of Interrogatories, as attached hereto.

1

Signed on this the *26 th* day of February, 2001.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone     : (956) 504-1100
Facsimile     : (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

Attorney for Defendant,
MIGUEL MENDOZA.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** has on this the *26 th* day of February, 2001, been forwarded, via certified mail, return receipt requested to:

Mr. Ted Rodriguez
LAW OFFICE OF ALFRED T. DENHAM
3700 North 10th Street, Suite 100
McAllen, TX  78501

and via First Class mail to:

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 E. 7th Street
Brownsville, TX  78520

_____
J. Arnold Aguilar

2

## DEFENDANT'S ANSWERS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

1.    Please identify by name, address, telephone number, social security number and driver's license, each person participated in preparing the answers to this interrogatories.

ANSWER:    Mayor Manuel Abrego
200 N. Brazil / 209 N. Arroyo
Los Fresnos, TX  78566
(956) 233-5768
S.S.# 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
T.D.L.# 07122216

Mayor Pro-Tem Melanie McCormick
200 N. Brazil / 209 N. Arroyo
Los Fresnos, TX  78566
(956) 233-5768
S.S.# 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
T.D.L.# 10624023

Ida Garcia
200 N. Brazil / 209 N. Arroyo
Los Fresnos, TX  78566
(956) 233-5768
S.S.# 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
T.D.L.# 14034507

Juan C. Sierra, Sr.
200 N. Brazil / 209 N. Arroyo
Los Fresnos, TX  78566
(956) 233-5768
S.S.# 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
T.D.L.# 13825964

3

Gonzalo Acevedo
200 N. Brazil / 209 N. Arroyo
Los Fresnos, TX  78566
(956) 233-5768
S.S.# 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
T.D.L.# 12208059

Miguel Mendoza
200 N. Brazil / 209 N. Arroyo
Los Fresnos, TX  78566
(956) 233-5768
S.S.# 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
T.D.L.# 13786124

2.    Please identify each person by name, address and telephone number with knowledge of any relevant facts relating to the cause of actions asserted that make the basis of this lawsuit.  Include a brief description of the knowledge each listed person may have relevant to the subject matter of this case.

ANSWER:    The following are witnesses who may have knowledge of facts alleged by Plaintiff or defenses asserted by Defendants in this action:

Plaintiff Ricardo Perez, Jr.
c/o Ted Rodriguez
LAW OFFICE OF ALFRED DENHAM
3700 North 10th Street, Suite 100
McAllen, TX  78501
(956) 994-8800

Los Fresnos City Commission, including Mayor Manuel Abrego, Mayor Pro-Tem Melanie McCormick and Commissioners Gonzalo Acevedo, Ida Garcia, Miguel Mendoza and Juan C. Sierra, Sr. 200 North Brazil, Los Fresnos, TX 78566 (956) 233-9879

Pam Denny
200 Brazil / 209 N. Arroyo
Los Fresnos, TX 78566
(956) 233-9879

4

Steven Crain
Valerie Glass
David E. Girault
ATLAS & HALL
P. O. Drawer 3725
McAllen, TX 78502
(956) 632-8222

Alfredo Escalante
Highway 100
Los Fresnos, TX  78566
(956) 233-5166

David Rodriguez
Gilbert Losoya
Ruben Vasquez
Sean Crandall
Hector Guevara
Adrian Cabrera
Ben Champion
Rodrigo Garcia
Janet Shears
Gilbert Rodriguez
LOS FRESNOS POLICE DEPARTMENT
200 N. Brazil
Los Fresnos, TX  78566

Deputy Constable Juan Rodriguez
Deputy Constable Johnny Cavazos
105 W. Ocean Blvd.
Los Fresnos, TX  785666
(956) 233-4811

Border Patrol Agent Ray Salinas
Border Patrol Agent Leon Natal
Border Patrol Agent Hythum A. Ismael

Dr. Eliseo Ruiz
Los Fresnos C.I.S.D. Superintendent
600 N. Mesquite
Los Fresnos, TX  78566
(956) 233-4407

Jimmy Vasquez
954 E. Harrison
Brownsville, TX  78520

Ramiro Sanchez
105 W. Ocean Blvd.
Los Fresnos 78566
(956) 233-4811

U.S. Marshall's Office
600 E. Harrison
Brownsville, TX  78520
(956) 548-2519

Luis De La Rosa
Delia De La Rosa
Maria De La Rosa
Noe De La Rosa
510 W. 8th Street
Los Fresnos, TX 78566
(956) 233- 4257

Joe Moreno

Each of the witnesses listed above may have knowledge of the facts alleged by
Plaintiff and or defenses raised by Defendants, including regarding the City's residency
requirements for the Police Chief, Plaintiff's failure to maintain his primary residence
within a 10-15 minute drive of the City, the Police Chief's job description and
requirements, Plaintiff's failure to maintain a local land line telephone within the City,
facts relating to the drug bust on 10th Street, the handling of evidence confiscated at that
drug bust, the Police Department's general policies relating to the handling of
confiscated evidence, the disappearance of confiscated marijuana from the Police
Department, Plaintiff Perez' effectiveness and ability to manage the Police Department,
Plaintiff's failure to appear to assist in the investigation of a major traffic accident at the
intersection of Paredes Line Road and 8th Street in Los Fresnos, Plaintiff's failure to
asssure that all police officers qualified annually for their use of firearms, Plaintiff's
attempt to hire his brother to be the City's representative on the Cameron County Task
Force, Plaintiff's response to the citizens' concern relating to gang and graffiti
problems, Plaintiff's riding alongside Lt. Jimmy Vasquez on a daily basis, morale at
the Police Department, including his polarization of some officers and staff, Plaintiff's
working relationship with other area law enforcement agencies, including Constable
Mendoza's office, the City's compliance with applicable jail standards for outdoor
fencing, Plaintiff's and/or Lt. Vasquez' possible coercion of one or more citizens to file

6

a complaint against one or more officers in exchange for police protection from certain other charges, Plaintiff's acceptance of criticism, and other concerns held by the City Commission.

3.    For each person the Defendant may call as a testifying expert witness at the trial of this case (and for each consulting expert the Defendant has used or whose opinion or mental impressions will be relied upon or reviewed in whole or in part by any testifying expert) please state the name, address, telephone number, qualifications, the subject matter in which the expert is expected to testify, the mental impressions and opinions held by that expert, and the facts known to each expert which relate to or form the basis of the mental impressions and/or opinions held by the expert. Also identify each document and tangible item the expert has reviewed and/or created which is related to this cause of action.

    ANSWER:    None at this time.

4.    For every testifying expert witness (and for each consultant expert the Defendant has used whose expert opinion may relied upon or reviewed in whole or in part by any testifying expert) please state for the proceeding five (5) years the identity of each lawsuit in which the person has testified, has been deposed, or has been disclosed as an expert, the style, cause number, county and state of lawsuit.

    ANSWER:    None at this time.

5.    If you have entered into any type of settlement agreement, loan agreement or other agreement concerning this cause or the coordinating of the trial herein, which agreement affects or limits the financial liability or entitlement of any party or insurer of a party in this case, please describe such agreement in detail, including the name, address, phone number and contact person.

    ANSWER:    None.

6.      Please identify fully all statements, declarations, or admissions allegedly made by this Plaintiff, or any purported agent/servant or employee of this Plaintiff which you might attempt to make known to the judge or jury in the trial of this lawsuit, including the date and location where the statements were made, the name, address and telephone number of the person or persons to whom the statements were made to, including persons in whole presence such statements were made and whether you or anyone acting on your behalf obtained the statements in any form from any person who claims to be able to testify to the statements identified herein.

ANSWER:    Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

Defendant objects to this discovery request on the basis that it is burdensome and harassing in that it seeks a large amount of information or documents that are irrelevant or immaterial and are not otherwise calculated to lead to the discovery of relevant or material information or documents, would impose upon this Defendant an unnecessary expense and would constitute harassment, in violation of Federal Rules of Civil Procedure 26 and 33. Plaintiff made numerous statements, declarations or admissions during the course of his employment with Defendant City of Los Fresnos. The number of such statements alone would exceed the member of interrogatories authorized under the federal rules of civil procedure, and could better be provided through depositions in which specific questions are asked of specific witnesses

7.      Have you been incorrectly named in this lawsuit?  If yes, please provide your correct fully name, address and telephone number.

ANSWER:    No.

8.      If this Defendant's contention that the Defendant is entitled to any defenses and/or Defendants raises defenses, please provide the following facts:

(a)     Identify the Defendant's defenses;
(b)     State any facts which the Defendant believes support its contention; and,
(c)     Identify any documents and/or tangible items which support the Defendant's contentions.

ANSWER:    Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

8

.

Without waiving the foregoing objection, see Defendants' Motion to Dismiss and Motion for More Definite Statement and the documents attached to Defendants' Responses to Plaintiff's Request for Production.

9.   If it is this Defendant's contention that another person and/or entity other than this Defendant is responsible, in whole or in part, for the incident made the basis of this lawsuit, and/or resulting injuring and/or damages, please state the following:

    (a)   Identify the other person and/or entity for which the Defendant makes this contention;

    (b)   State the facts which support the Defendant's contention; and,

    (c)   Identify any documents and/or tangible items including, but not limited to business records, photos, videos or other matters which support the Defendant's contentions.

ANSWER:   Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

In addition, Plaintiff has failed to identify the "incident made the basis of this lawsuit" sufficiently to enable Defendant to respond.

Without waiving the foregoing objection, Plaintiff is responsible for any damages he claims he suffered.

10.   Explain and identify any familiar or business relationship you have with any other Defendant involved in this lawsuit.

ANSWER:   Ida Garcia is the cousin of Miguel and Juan Mendoza, who are brothers.

9

11.     Identify all persons by name, address or telephone number with whom you have discussed the termination of Ricardo Perez, Jr. prior to his termination including the date, location and a brief description of the conversation concerning the termination.

ANSWER:    Defendant objects to this discovery request on the basis that it is burdensome and harassing in that it seeks a large amount of information or documents that are irrelevant or immaterial and are not otherwise calculated to lead to the discovery of relevant or material information or documents, would impose upon this Defendant an unnecessary expense and would constitute harassment, in violation of Federal Rules of Civil Procedure 26 and 33

Defendant objects to this discovery request on the basis that it seeks information or communications through which advice of counsel was sought, which included an intent by the client to keep such information or communication in confidence, and which information is protected from disclosure pursuant to Federal Rules of Civil Procedure 26 and 33.

Without waiving the foregoing objections, Defendant would represent that numerous conversations were held between commission members, Plaintiff Perez, City Attorney Girault, City Administrator Denny, and numerous citizens, regarding numerous issues. The conversations would be too numerous to catalog and identify without specific identification of the particular information sought.

12.     Identify all persons by name, address and telephone number who complained to you or provided concerns to you about Ricardo Perez, Jr.'s work as the Chief of Police for the City of Los Fresnos, including a brief description of the complaint or concern, and the date made. This should include, but not limited to concerns listed in Exhibit "A."

ANSWER:    Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

Without waiving the foregoing objection, see Defendant's answer to Interrogatory No. 2.

13.     Identify all persons by name, address and telephone number who you spoke with
        or to concerning complaints or concerns about Ricardo Perez, Jr.'s work as
        Chief of Police for the City of Los Fresnos, including a brief description of the
        complaint or concern and the date made.

        ANSWER:   Defendant objects to this discovery request as being overly broad
        and vague on the basis that it fails to describe or identify the information or
        documents requested with reasonable particularity or specificity.

        Defendant objects to this discovery request on the basis that it seeks
        information or communications through which advice of counsel was sought,
        which included an intent by the client to keep such information or
        communication in confidence, and which information is protected from
        disclosure pursuant to Federal Rules of Civil Procedure 26 and 33.

        Without waiving the foregoing objections, Defendant would represent
        that numerous conversations were held between commission members, Plaintiff
        Perez, City Attorney Girault, City Administrator Denny, and numerous citizens,
        regarding numerous issues.   The conversations would be too numerous to
        catalog and identify without specific identification of the particular information
        sought.   Defendant would also refer Plaintiff to Defendant's answer to
        Interrogatory No. 2.

14.     Identify all concerns and complaints you had with the work of Ricardo Perez,
        Jr. as the Chief of Police of the City of Los Fresnos, including your source of
        information for those concerns and approximate date you were made aware of
        these concerns.

        ANSWER:   See attached lists of concerns by individual commission members
        and letter of December 7, 2000 from City Attorney Girault to attorney
        Rodriguez. Any additional information would be too voluminous to provide in a
        single response, and such information could better be provided through
        deposition.

15.    Identify all concerns and complaints as listed in Exhibit "A" attached hereto, including your source of information for those concerns and approximate date you were made aware of these concerns.

ANSWER    See attached list of concerns by individual commission members. Any additional information would be too voluminous to provide in a single response, and such information could better be provided through deposition.

16.    Identify all conversations you had with other alderpersons regarding the discipline or termination of Ricardo Perez, Jr. outside of regularly scheduled and noticed town meetings including a date and brief description of the conversation.

ANSWER:    Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity.

Defendant objects to this discovery request on the basis that it seeks information or communications through which advice of counsel was sought, which included an intent by the client to keep such information or communication in confidence, and which information is protected from disclosure pursuant to Federal Rules of Civil Procedure 26 and 33.

Without waiving the foregoing objections, Defendant would represent that numerous conversations were held between commissioner members, Plaintiff Perez, City Attorney Girault, City Administrator Denny, and numerous citizens, regarding numerous issues. The conversations would be too numerous to catalog and identify without specific identification of the particular information sought.

12

17. Identify all meetings you attended to discuss concerns and/or disciplinary action or termination of Ricardo Perez, Jr. after his date of hire.

ANSWER: I attended one or more of the following City Commission meetings, where concerns and/or disciplinary action regarding Plaintiff was discussed.

> June 27, 2000
> July 25, 2000
> August 29, 2000
> September 11, 2000
> September 26, 2000
> December 19, 2000

18. Identify by date and substance all notices you provided to Ricardo Perez, Jr. regarding concerns or complaints in his capacity as Chief of Police of the City of Los Fresnos, including the dates these were provided to Ricardo Perez, Jr. and what format, i.e., written notice, oral, memorandum, etc.

ANSWER: Defendant objects to the release of these documents on the basis that the information requested is prohibited from disclosure pursuant to the Texas Open Meetings Act.

Without waiving the foregoing objection, at the City Commission meetings of June 27, 2000, August 29, 2000 and September 12, 2000, the Commission discussed some of its concerns with Plaintiff during executive session. Such discussions are prohibited from disclosure at this time under the Open Meetings Act, however. At the July 25, 2000 meeting, the Commission discussed the Plaintiff's handling of the jail fence.
Commissioner Garcia spoke with Plaintiff on June 28, 2000 about getting along with the officers and his residency.

Commission Mendoza spoke with Plaintiff on August 30, 2000 about not taking any retaliatory actions against any other officers, about not riding along with Lt. Jimmy Vasquez, and about his attendance at, and the confiscated evidence from, the cocaine drug bust and photos taken at the scene.

Commissioner Acevedo spoke with Plaintiff on June 27, 2000 about his relationship and behavior with Constable Mendoza.

In addition, City Attorney Girault provided Plaintiff with a list of the Commissioners' concerns on December 7, 2000, which were discussed at the December 19, 2000 meeting.

13

CISPDF - www.fxvis.com

19.   Identify and describe any and all disciplinary actions, reprimands, censures or other disciplinary actions taken against Ricardo Perez, Jr. in his capacity as Chief of Police for the City of Los Fresnos prior to the date of his termination.

      ANSWER:   Through the concerns raised at the June 27th, July 25th, August 29th, September 12th and September 26th meetings and the September 7, 2000 memo from Mayor Abrego to Plaintiff, action was taken to correct Plaintiff's conduct as Chief of Police.

20.   Identify all telephone numbers you have leased, rented or owned between 06/01/00 and 12/20/00 including, but not limited to telephone, cellular phones, beepers or pagers at home or work.

      ANSWER:   Defendant objects to this discovery request on the basis that it is burdensome and harassing in that it seeks a large amount of information or documents that are irrelevant or immaterial and are not otherwise calculated to lead to the discovery of relevant or material information or documents, would impose upon this Defendant an unnecessary expense and would constitute harassment, in violation of Texas Rule of Civil Procedure 166b.

      Gonzalo Acevedo        (956) 233-9016 (home)

      Ida Garcia             (956) 233-1372 (home)
                             (956) 371-0512 (cellular)

      Juan C. Sierra, Sr.    (956) 233-4740 (home)
                             (956) 346-0484 (cellular)
                             (956) 491-7686 (cellular)

      Miguel Mendoza         (956) 233-9209 (home)
                             (956) 405-5711 (cellular)

14

# VERIFICATION OF MIGUEL MENDOZA

STATE OF TEXAS                          §
                                        §
COUNTY OF CAMERON                       §

BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared **MIGUEL MENDOZA,** who being by me duly sworn on his oath deposed and said that he is duly qualified and authorized in all respects to make this affidavit; that he has read the above and foregoing answers to Interrogatories; that every statement contained in the answers is within his knowledge are true and correct.

_____
MIGUEL MENDOZA

SUBSCRIBED AND SWORN TO BEFORE ME by the said **MIGUEL MENDOZA** on this the ___21ᵒᵗ___ day of February, 2001, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

PAMELA DENNY
MY COMMISSION EXPIRES
August 31, 2004

My Commission Expires:

___8-31-2004___

CVISPDF – www.fastio.com

MORRIS ATLAS
ROBERT L. SCHWARZ
GARY GURWITZ
E.G. HALL
CHARLES C. MURRAY
A. KIRBY CANN
MIKE MILLS
MOLLY THORNBERRY
FREDERICK J. BIEL
REX N. LEACH
LISA POWELL
STEPHEN L. CRAIN
O.C. HAMILTON, JR.
VICKI M. SKAGGS
RANDY CRANE
DAN K. WORTHINGTON
VALORIE C. GLASS
HECTOR J. TORRES
SOFIA A. RAMON
RAMONA K. KANTACK
DANIEL G. GURWITZ
DAVID E. GIRAULT
JOSE CANO
ADRIANA H. CARDENAS
GREGORY S. KAZEN
PATRICIA S. RIM

# ATLAS & HALL, L.L.P.

### ATTORNEYS AT LAW

**PROFESSIONAL ARTS BUILDING • 818 PECAN**

P.O. BOX 3725

McALLEN, TEXAS 78502-3725

(956) 682-5501

FAX (956) 686-6109

December 7, 2000

via FACSIMILE (956) 994-8808
Mr. Ted Rodriguez, Jr.
LAW OFFICE OF ALFRED T. DENHAM
3700 North 10th Street, Suite 105
McAllen, TX 78501

Re:    Civil Action No. B-00-161
       Ricardo Perez, Jr. vs. City of Los Fresnos, Texas, et al.
       U.S.D.C. - Brownsville Division
       Our File No. 202-00

Dear Mr. Rodriguez:

Pursuant to your request, the following are some concerns held by one or more Alderpersons relating to the administration and job performance of Ricardo Perez, Jr., as Los Fresnos Chief of Police.

(1)    Mr. Perez apparently never met the residency requirements required for the Chief of Police position, as set out in City of Los Fresnos Ordinance No. 297(4) (February 22, 2000), Personnel Policies Manual §2-10 (1999), Police Department Rules & Regulations §5.37 (1986), and Police Department Policy Manual & Rules and Regulations, No. 68 (1985), all of which require the Police Chief to maintain his primary residence within a 10-15 minute drive of the City. Although Mr. Perez may have rented a small apartment outside the city limits, he never actually resided there as his primary residence, nor anywhere else within a 10-15 minute drive of the City. This led to certain problems and additional concerns because of his inability to be present and carry out his duties as Chief of Police, some of which are listed below.

(2)    Mr. Perez also apparently never maintained a local land line telephone, as was required in his job description. This was important in order to be able to contact Mr. Perez in the event of some sudden emergency, like the drug bust and major auto accident that occurred during his tenure, but which he did not attend or supervise.

Mr. Ted Rodriguez, Jr.
LAW OFFICE OF ALFRED T. DENHAM
December 7, 2000
Page -2-

(3)     A large drug bust occurred on 10th Street, but Mr. Perez apparently never showed
up to supervise and direct the arrest, detention, and handling of evidence that was
confiscated. Had he been living with the 10-15 minutes required by the City, he
would have been able to do so. A concern was later raised about the confiscated
evidence, and an issue arose as to whether the substance was cocaine or some
other substance. Apparently, certain Border Patrol or other field agents tested the
evidence on site, and confirmed that the substance was cocaine, yet that evidence
was later destroyed or otherwise disposed of, without ever having been sent to the
Department of Public Safety laboratory in Austin or McAllen for confirmation. In
addition, the arrestees in that case were apparently released that evening without
the case ever having been presented to a magistrate, without any arraignment, or
without having been provided to the District Attorney to evaluate the merits of the
case. Further, while the Border Patrol agents took polaroid photos at the scene of
the confiscated evidence, Mr. Perez or someone else later took some digital
pictures of the confiscated substance. It was not clear, however, whether the
substance photographed in the digital photos was the same substance recovered at
the scene. It is also unclear what ever happened to the confiscated evidence or
why it was disposed of. Again, had Mr. Perez been present at this arrest, as the
Chief of Police should have been, these concerns likely would never have been
raised. The handling of this entire scenario, including the failure of Mr. Perez to
be present, was well known to the public at large, reflected negatively on the
Department and the City, and was indicative of Mr. Perez' unsatisfactory
performance, as set out in the Police Department Rules and Regulations, §5.13,
either by Chief Perez or the officers he is charged with supervising. As a result of
Mr. Perez' mishandling of this situation, several Alderpersons also saw morale in
the Police Department sink.

(4)     Mr. Perez apparently never established a satisfactory policy relating to the
handling of confiscated evidence including the identification of the evidence
custodian, the names of officers with a key to the evidence lockers, or proper
restrictions and procedures on anyone other than Mr. Perez taking custody of
confiscated evidence. Again, had Mr. Perez been living within 10-15 minutes of
the City, he could have driven directly to the Police Station, received the
confiscated evidence directly from the officer, and conducted any further testing in
the presence of that officer. Failing to do so, however, raised an issue as to the
proper custody or identification of the evidence. Although a Border Patrol canine
unit had apparently detected the bag of cocaine found by the City's officers, and a
field test had also been conducted, confirming that it was a drug, that evidence
was apparently destroyed without any further confirmation that it was not.

Mr. Ted Rodriguez, Jr.
LAW OFFICE OF ALFRED T. DENHAM
December 7, 2000
Page -3-

Apparently another situation arose in which some marijuana had been confiscated, yet later disappeared. Both of these matters were made known to the public, further tarnishing the image of the Police Department and the City, and further reflecting Mr. Perez' inability to effectively manage the Department.

(5)   Mr. Perez apparently failed to appear to assist in the investigation of a major traffic accident that occurred at the intersection of Paredes Line Road and 8th Street, involving a stolen vehicle. Again, had Mr. Perez maintained his primary residence within 10-15 minutes of the City, this may not have been a problem. Because of the significance of the accident, Mr. Perez should have been present at the investigation.

(6)   Mr. Perez apparently failed to assure that all police officers qualified annually for their use of firearms, as required by Police Department Rules and Regulations §5.61, and applicable state law. This placed the City and its citizens in potential danger, and exposed the City and its officers to potential civil and/or criminal liability.

(7)   Mr. Perez apparently tried to hire his brother to be the City's representative on the Cameron County Task Force, although he would have to have been commissioned through Mr. Perez. This would appear to have been a violation of the City's nepotism restrictions, as set out in City Personnel Policies Manual §2-09.

(8)   Mr. Perez appeared to trivialize the significance of the City's gang or graffiti problems, indicating that neither was very significant, perhaps leading to a false sense of security. Although Alderpersons attempted to explain to him the significance of the problem and their concerns, Mr. Perez simply dismissed their concerns as overblown and described the problem as not as bad as in other cities. Ignorance of a problem, or a potential problem, did not reflect well on Mr. Perez' ability to recognize and respond to problems and concerns.

(9)   Mr. Perez continued to ride alongside Lt. Jimmy Vasquez on a daily basis, even after he was told no to do so in June 2000. This appeared to be an unnecessary duplication of scarce City resources, and bordered on insubordination after the City officers questioned his need to do so. If Mr. Perez was not familiar enough with the streets himself, and he needed Lt. Vasquez to show him around, this would reflect incompetence under Police Department Rules and Regulations §5.13.

Case 1:00-cv-00161  Document 36  Filed in TXSD on 10/03/2001  Page 41 of 47

(10)  Several Alderpersons had a concern that morale had dropped considerably after Mr. Perez started as Chief. At least one officer indicated he felt harassed by Mr. Perez after he circulated a petition indicating a lack of confidence in Mr. Perez. That officer ultimately resigned. Apparently another officer also resigned because of feelings of harassment and intimidation, and two dispatchers quit as well. Indications are that there was also friction, uncertainty, stress, distrust, a forced sensed of loyalty, hostility, and polarization among fellow officers and staff.

(11)  Further examples of Mr. Perez' polarizing of the police department was in his reference to some police officers as "True Blue," and others as "the other side." By separating officers between those who were loyal to Mr. Perez and those who were not served only to create additional friction and to further deplete morale.

(12)  Mr. Perez apparently also had problems maintaining a good working relationship with other area law enforcement agencies, particularly Constable Mendoza's office. Maintaining a good working relationship with all law enforcement agencies, and especially the local Constable, is particularly important to the City. Regardless of whose "fault" the relationship problems might have been, it is still the duty of the Police Chief to assure that the relationship remains healthy and cooperative. Allowing an unfriendly, or even hostile, relationship with the local Constable or other law enforcement agencies would only further serve to discourage morale, and could possible result in a risk of danger to officers because of any failure or delay in assistance resulting from a lack of cooperation.

(13)  Alderpersons also had a concern about representations being made to them by Mr. Perez. On one occasion, he indicated that the fence outside the city jail was up to standards, yet two weeks later when a representative from the Sheriff's Department came to inspect the fencing, they found three things were required to be in compliance with applicable jail standards. Although Mr. Perez indicated there had been no complaints about the outdoor fencing, he was confronted by an individual at a City Commission meeting who represented she had complained. When faced with this representation, Mr. Perez retracted his denial.

(14)  A concern was raised as to whether Mr. Perez and/or Lt. Vasquez may have coerced one or more citizens to file a complaint against one or more officers, in exchange for police protection from certain other charges. If Mr. Perez knew about this potential coercion, or did not know yet failed to investigate or inquire about what appeared to be obviously suspect circumstances, Mr. Perez' supervision itself appears suspect. A concern was raised that the citizen may have

Case 1:00-cv-00161   Document 36   Filed in TXSD on 10/03/2001   Page 42 of 47

been coerced to make a statement several months after the incident was alleged to have occurred, while he was apparently under custodial arrest. If this in fact happened, it would reflect negatively on Mr. Perez' ability to adequately supervise the Department and investigate complaints. Mr. Perez never actually investigated this concern, however.

(15)   Mr. Perez also appeared to reflect poor communication with Los Fresnos citizens, and he did not accept criticism very well. An example of this is his reaction after having been confronted with the citizen's complaint about prisoners behavior that was allowed because of the jail fence.

(16)   Considering all the problems and inadequacies with Mr. Perez, the final concern was whether his continued employment as Police Chief was simply in the best interest of the City, or whether the City would be best served by a Chief who did not have such questions and concerns being raised about his performance and compliance with job duties, requirements and responsibilities.

A hearing for you to discuss these concerns with the Board of Aldermen will be set for December 19, 2000, at 7:30 p.m., at the Los Fresnos City Hall. We would invite you and Mr. Perez to attend and comment as you feel appropriate. Please notify me by December 14, 2000, at 4:00 p.m. as to whether you prefer this hearing to be in open or closed session.

Very truly yours,

ATLAS & HALL, L.L.P.

By:

David E. Girault

DEG/vm

xc:   . CITY OF LOS FRESNOS, TEXAS
        Attn: Ms. Pam Denny,
        City Secretary
        200 North Brazil
        Los Fresnos, TX 78566

CVisPDF – www.fwsivs.com

## 73

1 doesn't even remember whether it was -- or whether
2 there was even one there and you are asking her who
3 drafted it.
4      MR. RODRIGUEZ: If there was one done.
5      MR. AGUILAR: I think what you're trying
6 to ask is whose job it would have been to do that
7 letter, something like that?
8      MR. RODRIGUEZ: You are doing a good job
9 for me today.
10      MR. AGUILAR: I'm trying to get to a
11 better understanding.
12      A. The chief.
13      Q. The chief would have done those letters?
14      A. Yes.
15      Q. Okay. Do you know if they were advised in
16 their separation letters if they had a right to appeal
17 and have a hearing concerning their termination?
18      MR. AGUILAR: Same objection to the extent
19 you are really asking her to speculate.
20      MR. RODRIGUEZ: If she remembers.
21      MR. AGUILAR: But she already told you
22 earlier she doesn't remember --
23      A. I don't remember the letter.
24      MR. AGUILAR: -- whether there was even
25 any letters sent, and now you are asking for the terms

## 74

1 of the letter she doesn't even remember whether it was
2 sent.
3      MR. RODRIGUEZ: Okay. It's a different
4 question now.
5      Q. If the answer is I don't remember, that's the
6 answer.
7      A. I don't remember.
8      MR. AGUILAR: Speculation.
9      MR. RODRIGUEZ: It's a different question.
10      Q. Now, Officer David Rodriguez was terminated in
11 September of 2000, correct?
12      A. Yes, sir.
13      Q. Okay. And who made the decision to terminate
14 David Rodriguez?
15      MR. AGUILAR: On that, probably based on
16 the same --
17      MR. RODRIGUEZ: I'm not getting into the
18 reasons.
19      MR. AGUILAR: Yeah, but I think it's
20 still --
21      MR. RODRIGUEZ: I think she needs to
22 answer this one.
23      MR. AGUILAR: It's still protected by the
24 open records and Freedom of Information Act as
25 information that can't be disclosed. I probably still

## 75

1 have to instruct her not --
2      MR. RODRIGUEZ: It wasn't done in a
3 meeting.
4      MR. AGUILAR: It has to do with his
5 personnel file.
6      MR. RODRIGUEZ: I'm not asking about
7 what's in his personnel file. I'm asking who made the
8 decision.
9      MR. AGUILAR: And that's in his personnel
10 file.
11      MR. RODRIGUEZ: It's not privileged
12 because it's in there. You cannot hide a fact issue
13 because it happens to also fall in somebody's
14 privilege. I mean, an accident happens and you can
15 investigate it, but the lawyer goes after it doesn't it
16 make it privileged.
17      MR. AGUILAR: That's what the privileges
18 are for, is certain matters are not --
19      MR. RODRIGUEZ: That's offensive use of
20 the privilege. You can't use it that way.
21      MR. AGUILAR: We can argue about this
22 later. I don't think it is an offensive use. My view
23 right now is that if you are asking her about the basis
24 for David's termination, who recommended it, who -- I
25 mean, you talk to your client and I think your client

## 76

1 can give you a lot of the information you are seeking,
2 but in terms of what is in David Rodriguez' personnel
3 file --
4      MR. RODRIGUEZ: Well, let me ask her. Do
5 you tell her --
6      MR. AGUILAR: I have to finish my
7 objection.
8      MR. RODRIGUEZ: It's a running objection.
9 It's noted.
10      MR. AGUILAR: I haven't finished my
11 objection.
12      MR. RODRIGUEZ: If you tell her not to
13 answer, that's fine.
14      MR. AGUILAR: I'm not going to interrupt
15 you.
16      MR. RODRIGUEZ: We'll preserve it like
17 we're supposed to.
18      MR. AGUILAR: I'm trying not to interrupt
19 you and ask for you not to interrupt me. What I was
20 finishing with is, what you are asking for is any
21 information relating to the termination of David
22 Rodriguez, the basis for it, who recommended it and
23 what action was taken on it. I think that is
24 privileged under the Freedom of Information Act and the
25 Open Records Act. Based on that, I need to instruct

## 77

14 25 1   her not to answer that question.
14 25 2   Q. Okay. Who made the decision to terminate David
14 26 3   Rodriguez?
14 26 4   MR. AGUILAR: Same objection, and I would
14 26 5   instruct you not to answer.
14 26 6   Q. Ma'am, who made the decision to terminate David
14 26 7   Rodriguez?
14 26 8   MR. AGUILAR: Same objection, and I
14 26 9   instruct her not to answer.
14 26 10   Q. Are you refusing to answer my question based on
14 26 11   the advice of Arnold Aguilar?
14 26 12   A. Yes.
14 26 13   Q. Okay. Great. We have preserved our error.
14 26 14   MR. RODRIGUEZ: Legal stuff we have to do.
14 26 15   A. I know, and I don't know what you are talking
14 26 16   about.
14 26 17   Q. Now, David Rodriguez was given documents
14 26 18   describing his infractions and the reasons for his
14 26 19   termination, correct? Without going into those
14 26 20   reasons, he was given documents that described the
14 26 21   infractions and the reasons for his termination,
14 26 22   correct?
14 26 23   MR. AGUILAR: Same objection. I have to
14 26 24   again instruct her not to answer. Sorry.
14 26 25   A. I cannot answer.

## 78

14 26 1   Q. Are you refusing to answer the question, ma'am?
14 26 2   A. Yes, sir.
14 26 3   Q. Based on the advice of Arnold Aguilar?
14 27 4   A. Yes, sir.
14 27 5   Q. Okay. David Rodriguez had a full hearing
14 27 6   contesting his termination in front of city council,
14 27 7   correct?
14 27 8   MR. AGUILAR: Same objection, and I would
14 27 9   have to instruct her not to answer.
14 27 10   Q. Are you refusing to answer the question, ma'am?
14 27 11   A. Yes, sir.
14 27 12   Q. Based on the advice of Arnold Aguilar?
14 27 13   MR. RODRIGUEZ: Arnold, you know this is
14 27 14   bogus.
14 27 15   MR. AGUILAR: No. Actually, because the
14 27 16   difference is -- the reason I was thinking about it and
14 27 17   the reason I hesitated, because I was trying to
14 27 18   remember if he had a hearing in open session. If he
14 27 19   had it in open session --
14 27 20   MR. RODRIGUEZ: It doesn't matter whether
14 27 21   it was open -- I'm not asking what was said in the
14 27 22   hearing or the session, it's whether he had a hearing
14 27 23   or not.
14 27 24   Q. It all goes back to whether it's a personnel
14 27 25   matter. And if it was because of --

## 79

14 27 1   MR. RODRIGUEZ: Okay. We'll take this up
14 27 2   with the court because you know that you are wrong on
14 27 3   this one.
14 27 4   Q. David Rodriguez was given notice of the
14 28 5   complaints against him before he had his hearing,
14 28 6   correct?
14 28 7   MR. AGUILAR: Same objection. I would
14 28 8   have to instruct you not to answer.
14 28 9   Q. Are you refusing to answer the question now
14 28 10   based on the advice of Arnold Aguilar?
14 28 11   A. Yes, sir.
14 28 12   Q. Okay. David Rodriguez, at his hearing before
14 28 13   the city council, he brought witnesses and presented
14 28 14   affidavits on his behalf, didn't he?
14 28 15   MR. AGUILAR: Same objection. I have to
14 28 16   instruct you not to answer.
14 28 17   Q. Are you refusing to answer my question, ma'am?
14 28 18   A. Yes, sir.
14 28 19   Q. That's based on the advice of Arnold Aguilar?
14 28 20   A. Yes, sir.
14 28 21   Q. Okay. David Rodriguez was given notice and
14 28 22   every -- given notice and opportunity to respond to the
14 28 23   allegations against him concerning his termination,
14 28 24   wasn't he?
14 28 25   MR. AGUILAR: Same objection. I instruct

## 80

14 28 1   you not to answer.
14 28 2   Q. Are you refusing to answer my question based on
14 28 3   the advice of Arnold Aguilar?
14 28 4   A. Yes, sir.
14 28 5   Q. And the reason I'm saying that is because you
14 28 6   are looking at me and you are not saying anything, so
14 28 7   I'm having to put that on the record that you are not
14 29 8   saying anything, okay?
14 29 9   A. Yes, sir.
14 29 10   Q. Do you know how long Juan Mendoza, Jr. was
14 29 11   constable for Los Fresnos?
14 29 12   A. No, sir.
14 29 13   Q. You know Ramiro Sanchez was one of his
14 29 14   deputies?
14 29 15   A. Yes, sir.
14 29 16   Q. And Ramiro Sanchez is now the constable for the
14 29 17   Los Fresnos area?
14 29 18   A. Yes, sir.
14 29 19   Q. Now, my understanding is Ramiro Sanchez was
14 29 20   involved in a motor vehicle accident recently with some
14 29 21   lady. Did you hear about that?
14 29 22   A. I read it in the newspaper.
14 29 23   Q. Okay. And that some friends of his from Los
14 29 24   Fresnos came and picked him up at the scene of the
14 29 25   accident and took him to Mexico to see a doctor over

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RICARDO PEREZ, JR.                    §
      Plaintiff,                    §
                    §
                    §
vs.                                   §     CIVIL ACTION NO. B-00-161
                    §
CITY OF LOS FRESNOS, TEXAS            §
JUAN C. SIERRA, SR., GONZALO         §
ACEVEDO, IDA GARCIA, MIGUEL          §
MENDOZA, INDIVIDUALLY AND IN         §
THEIR OFFICIAL CAPACITIES, AND       §
JUAN MENDOZA, JR.,                   §
      Defendants.                   §

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

BE IT REMEMBERED, that on _____, 2001, the Court

GRANTED the Plaintiff's Motion to Compel. Defendants City of Los Fresnos, Texas,

Juan C. Sierra, Sr., Gonzalo Acevedo, Ida Garcia and Miguel Mendoza are ordered to

provide the following discovery matters to the Plaintiff within ten (10) days:

      1.      Copies of applicable insurance policies pursuant to Rule 26(a)(1)(D).

      2.      Remove objections and fully answer Plaintiff's Written Interrogatories Nos.
8, 11, 12, 13, 14, 15, 16, and 18.

      3.      Respond and provide documents responsive to Plaintiff's Request for
Production No. 1, 2, 3, 6, 7, 10, 12, 15, 16, 17, 19, 21, 23, 24, 25, 26, 27, 28, and 29.

The Court further ORDERS that matters discussed in executive or closed session

meetings of the City of Los Fresnos that pertain or had discussion concerning the hiring,

discipline, job performance or termination of plaintiff be disclosed to plaintiff.

The Court also ORDERS that the executive or closed session  concerning the re-

employment of officer David Rodriguez be disclosed to plaintiff and plaintiff is placed

under a protective order not to disclose these matters to anyone other than his attorneys and experts necessary for this Cause.  Any other persons will require approval of the Court.

The Court ORDERS that plaintiff may redepose the witnesses already taken concerning matters discussed in executive session  as outlined above within a reasonable time.  Defendants are ORDERED to cooperate in the scheduling of these depositions.

DONE at Brownsville, Texas, this _____ day of _____, 2001.


_____ _____
HILDA S. TAGLE
UNITED STATES DISTRICT JUDGE